Osman v. Osman.

---

KATE M. OSMAN, *Appellee*, v. JOHN I. OSMAN, *Appellant*.

No. 17,462.

SYLLABUS BY THE COURT.

DIVORCE AND ALIMONY—*Alimony Alone—Division of Property.* Under the statutes of this state real estate of the husband may be set apart to the wife in actions for alimony alone, as well as in actions for divorce and alimony.

Appeal from Graham district court. Opinion filed February 10, 1912. Affirmed.

*W. L. Sayers*, for the appellant.
*F. D. Turck*, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is for alimony. The court first found the appellant guilty of gross neglect of duty and adjudged that he should pay the appellee sixty

dollars per month for her support and an attorney's fee of fifty dollars, and in the journal entry stated that the court "reserved the division of property for further consideration." Afterwards the parties appeared and presented further evidence, and the court then found that the allegations of the petition were true and that the appellant had been guilty of extreme cruelty and gross neglect of duty, and then, as recited in the judgment, "considered and adjudged that the plaintiff be granted alimony of and from the property of the defendant as follows," . . . Following this recital is a description of three quarter sections of land and personal property, and $1000 in money, leaving to the defendant four quarter sections of land, including the homestead, and considerable personal property.

The petition charges extreme cruelty, reciting particular wrongs and grievances. Gross neglect of duty is not charged, at least not in those words, but the finding of extreme cruelty alone, if sustained by the evidence, is sufficient, and no argument is made to the contrary. Error is alleged in rendering judgment for any alimony, and in dividing the property. It is insisted that the charges of the petition were not sustained by the proof. The evidence covered much of the history of the married life of the parties extending through thirty years, involving many struggles and hardships, and resulting in the accumulation of property through the efforts of husband and wife. Each at the beginning possessed a little property, which has been so far increased that with prudent management and no great misfortune a reasonable livelihood for both seems secure. It would serve no good purpose to review the evidence, which is conflicting. The parties are not divorced, and it is possible that time may bring healing for their marital woes, and that in the years to come they may be reunited in one home, where with returning love and increasing patience they may com-

plete the journey of life together. It is only necessary now to say that there is sufficient evidence to sustain the findings and judgment.

It is earnestly contended that the judgment, so far as it awards specific property to the wife, is void for lack of power under the statute to do so. The order first made for a monthly allowance is not complained of and has been complied with, treating it as temporary, covering only the intervening period between the first and second hearings, and this is understood to be its effect. The precise contention of the appellant is that under section 678 of the civil code alimony only can be awarded, and that alimony is an allowance for support, not an estate assigned to the wife as her own, but an allowance out of it. Authorities are not wanting to support this view. (3 Enc. L. & P. 58, 92; *Bacon v. Bacon,* 43 Wis. 197; *Cizek v. Cizek,* 69 Neb. 797, 96 N. W. 657.) The decisions, however, are not in harmony on this subject. (Note to case last cited in 5 A. & E. Ann. Cas. 469.) Under a statute providing that "when a divorce is decreed, the court may make such order in relation to the children and property of the parties and the maintenance of the wife as shall be right and proper" (p. 194), it was held in *Zuver v. Zuver,* 36 Iowa, 190, reviewing earlier decisions, that a part of the husband's real estate might be set apart to the wife in fee as for alimony. Under the Ohio statute, which provided that alimony might be allowed out of real and personal property of the husband, it was held that a decree to that effect vests absolute title in the wife in an action for divorce. (*Broadwell v. Broadwell,* 21 Ohio St. 657.) Other decisions might be cited to illustrate the divergent views of courts on this subject. It may be conceded that authority to allow alimony, when there is no qualifying expression or other provision in the statute indicating a broader purpose, is generally construed to authorize only an allowance out of

the husband's estate, and not a transfer of title to any part of his lands in fee. Still the power to provide a separate maintenance for the wife, although called alimony in a statute, must be construed in connection with other language used, and the legislative intent must be determined from the statute as a whole. These provisions are contained in article 28 of the civil code (Civ. Code, §§ 663-678a) bearing the subtitle, "Of Divorce and Alimony." This article states the grounds and provides the procedure for obtaining such relief. Section 673 included in this article provides that when a divorce is granted for the fault of the husband the wife "shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable." Section 668 provides that when the parties are in equal wrong a divorce may be refused, and in such case, or in any other case where a divorce is refused, the court may provide for the custody and maintenance of children, "and for the control and equitable division and disposition of the property of the parties, or of either of them, . . . and in such case the order of the court shall vest in the parties a fee-simple title to the property so set apart or decreed to them, and each party shall have the right to convey, devise and dispose of the same without the consent of the other." The clauses in the quotation following the last asterisks were added in the code revision of 1909. Section 678 declares that the wife may obtain alimony without a divorce for any of the causes for which a divorce may be granted.

The power to give to the wife lands of her husband as alimony, when a divorce is granted in pursuance to section 673, has been long exercised and upheld, and the power to give the same relief where a divorce is refused is expressly declared in section 678, and the effect of an award in such a case to vest the title in fee, if doubtful before, is set at rest by the amendment re-

ferred to. Yet because the word "alimony" stands alone without any qualifying or enlarging term in section 678, it is argued that alimony in the technical sense of that term is intended, and that an award to · the wife of specific real estate in fee is beyond the power of the court to make. If this view should be sustained then the authority of the court would depend on the mere prayer of the petition, that is, praying for a divorce she may obtain alimony in real estate, although a divorce be refused; but praying for alimony alone, although she should prove a right to a divorce and alimony both, she would be denied any interest in his lands. Again, if the husband had nothing but real estate, the statute, construed as appellant contends, would give a wife, although at fault, a part of her husband's lands, but would preclude a wife without fault from such an award, unless she also prayed for a divorce, which she might not desire. It is true that if the statute admitted of no other construction, such apparent inconsistency would not prevent the enforcement of its provisions as written, but happily the application of ordinary rules of construction obviates all such consequences.

The expressions in the opinions in *Johnson v. Johnson,* 57 Kan. 343, 46 Pac. 700, and in *Bowers v. Bowers,* 70 Kan. 164, 78 Pac. 430, giving color in support of the appellant's contentions, refer to the distinctions between alimony in the strictly technical sense and a division of property. The application of that distinction to our statute although suggested in the Bowers case, was unnecessary to support the conclusion reached. We conclude that under the statutes to which we have referred real estate of the husband may be set apart to the wife in actions for alimony alone, as well as in actions for divorce and alimony.

The judgment is affirmed.