No 19,382.

EDITH BESSETTE and F. P. BESSETTE, *Appellees,* V.
ALICE DENNIS and JOHN W. DENNIS, *Appellees,* and
M. R. CLARK, *Appellant.*

### SYLLABUS BY THE COURT.

DEED—*Delivered after Action Attacking Title · Was Begun—
Grantee Chargeable with Notice of Pendency of Action.*
When a warranty deed is delivered after a petition attacking
the title of the grantor is filed in the district court of the
county in which the land is situated, the grantee is charged
with notice of the pendency of the action, and can acquire no
interest in the property against the plaintiff in the action.
(Civ. Code, § 86.)

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed April 10,
1915. Affirmed.

*S. B. Amidon, D. M. Dale, Jean Madalene,* and *S. A.
Buckland,* all of Wichita, for the appellant.

*Fred Stanley, Claude C. Stanley,* and *Benjamin F.
Hegler,* all of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to have a canceled
mortgage declared a valid and subsisting lien on the
real estate therein described. Judgment was rendered
in favor of the plaintiffs. Defendant M. R. Clark
appeals.

The facts are substantially as follows: Plaintiff
Edith Bessette was the owner of certain real estate
in Wichita, on which there was a mortgage for $1000,
held by Emil Werner. This property was afterward
conveyed by plaintiffs to the defendant Alice Dennis,
and in the deed Alice Dennis assumed and agreed to pay
the mortgage held by Werner. After the execution
and delivery of this deed, the plaintiffs conveyed by

deed to Emil Werner other property in Wichita, and obtained therefor a satisfaction and release of this mortgage. As a part of the consideration from Alice Dennis to the plaintiffs for the property conveyed to her, she executed to the plaintiffs a mortgage on this property for $590. The deed from the plaintiffs to Alice Dennis was put in escrow to be delivered when the $590 mortgage was paid. When the plaintiffs procured the release of the mortgage from Emil Werner, they did not intend to have the mortgage released as to John and Alice Dennis, but did desire to discharge their obligation on the mortgage to Emil Werner, and retain the same as a mortgage on the land as against John and Alice Dennis. This release was recorded on the margin of the record of the mortgage. About a year thereafter, defendants John and Alice Dennis conveyed this real property by warranty deed to the defendant M. R. Clark. The petition in this action and the præcipe for summons were filed before 9:30 o'clock on the 11th day of September, 1911. The deed to Clark was signed and acknowledged September 9, 1911, and was delivered September 11, 1911. The time of the delivery of the deed is not definitely fixed, but from the evidence it sufficiently appears that it was after the filing of the petition in this case, and after the filing of the præcipe for summons. At the time of the delivery of the deed, M. R. Clark had an abstract of the title to the property showing this mortgage released. September 13, 1911, two days after the filing of the petition, M. R. Clark was made a defendant in this action.

The plaintiffs allege that defendants Alice Dennis and John Dennis by fraud and stealth obtained the deed from the parties to whom it had been delivered to hold until the $590 mortgage was paid; that at the time they obtained the deed they had no right to receive it nor to place it on record; and that the title to the real property in controversy never passed

to or vested in defendants Alice and John Dennis.
Defendant M. R. Clark denied each and every al-
legation of the plaintiffs. The court found the issues
for the plaintiffs and against the defendants and each
of them, and made further findings as follows:

"The Court further finds that the mortgage, dated
February, 1910, by the plaintiffs herein to Emil
Werner, recorded in Book 223 of mortgages, page 98
of the records of the register of deeds of Sedgwick
County, Kansas, is a valid and subsisting first lien upon
the real estate described in plaintiff's petition, situated
in Sedgwick County, State of Kansas, to-wit:

"The North Thirty-eight (38) feet of the West half
of Lot Eighteen (18), on South Topeka Avenue, in
Zimmerly's Addition to the City of Wichita, Kansas.

"The Court further finds that the purported release
of said mortgage made on or about the 10th day of
September, 1910, by the said Emil Werner, should be
set aside and reformed and adjudged an assignment
for value of the said mortgage lien upon the said
promises to the plaintiffs herein.

"The court further finds that there is due to the
plaintiffs from the defendants Alice Dennis and John
Dennis on said mortgage and note secured thereby, the
sum of One Thousand ($1,000.00) Dollars with in-
terest thereon at the rate of 8 per cent per annum from
the 2nd day of February, 1910.

"The Court further finds that there is now due to
said plaintiffs from the said defendants Alice Dennis
and John Dennis on the second mortgage for Five
Hundred Ninety ($590.00) Dollars, described in plain-
tiffs petition and note secured thereby, the sum of One
Hundred Ninety ($190.00) Dollars, with interest there-
on at the rate of 8 per cent per annum from the 9th
day of April, 1911.

"The Court further finds that the conditions of said
One Thousand ($1,000.00) Dollar note and mortgage
have been broken in that the said defendants Alice
Dennis and John Dennis have failed to pay the interest
on said One Thousand ($1,000.00) Dollar note which
was due on the 2nd day of February, 1911, and have
failed to pay the taxes which have accrued against said
premises for the years 1910, 1911 and 1912, amounting
to $124.50.

"The Court further finds that the conditions of the said second mortgage and note secured thereby have been broken in that the defendants Alice Dennis and John Dennis have failed to pay the said sum of One Hundred Ninety ($190.00) Dollars remain(ing) unpaid on said note with interest thereon at the rate of 8 per cent per annum from the 9th day of April, 1911, which said amount is past due.

"The Court further finds that there is due to the said plaintiffs from the defendants Alice Dennis and John Dennis, on said first mortgage and note, the sum of $1317.10 on the second mortgage and note thereby secured, the sum of $232.22.

"The Court further finds that the said M. R. Clark purchased the premises described herein subsequent to the filing of the original petition in this case and subsequent to the issuance of the præcipe for summons in said case. The Court further finds that the said M. R. Clark paid for said premises the sum of One Thousand ($1,000.00) Dollars and the Court further finds that said amount so paid by the said M. R. Clark was not more than one-half of the fair market value of said premises at the time of said payment."

The judgment declared the released mortgage for $1000 a first lien on the real property in controversy, and foreclosed that mortgage; declared the amount unpaid on the $590 mortgage a valid and subsisting lien on the real property, and foreclosed that mortgage; canceled and set aside the deed from Alice and John Dennis to M. R. Clark; and declared the interest and estate of Clark to the real property in controversy "junior, inferior to and null and void as against the said plaintiffs."

The only thing necessary to determine, is the effect of section 86 of the civil code on the rights of these plaintiffs and defendant M. R. Clark. That section in part is:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title."

In this case, if the statute is to be given effect according to its language, it is decisive, under the issues and findings of the court, and there is nothing more to discuss. Defendant M. R. Clark seeks to avoid the statute by arguing that there is not sufficient evidence to support the finding of the court that this action was pending at the time the deed in controversy was delivered. We can not agree with the defendant in this matter. There is abundant evidence to support this finding of the court. He then argues that equity regards that done which ought to be done. This is true, but the principle is not applied for the purpose of wrongfully divesting one of his title to his property. He also argues that equity aids the vigilant, not those who slumber on their rights. This is also true, but the principles of equity are invoked for the purpose of doing what is right, and not to perpetrate a wrong. He contends that the mortgage was not discharged by mistake. The court finds against him on evidence sufficient to support the finding. The next argument is, that the plaintiffs are bound by the public record. True again, and so is the defendant bound by the public record; and it is the public record, the petition filed in this suit in the district court, that defeats the defendant in this action. His next contention is, that he exercised diligence to ascertain the condition of the title of the property he was buying. He did exercise diligence. He did not inquire in the right place. This action was pending at the time the defendant was in the courthouse inquiring concerning the title. His last argument is, that the plaintiffs were not compelled to pay this mortgage. To this we can not agree. The plaintiffs had signed the mortgage, and the debt secured thereby was their debt. Under the law, they must either pay it or see that it is paid. The only question of law presented in the brief of defendant Clark is, that the statute (Civ. Code, § 86) does not control in this case. To this we do not agree. It is

just this kind of a case that the statute is intended to control. Another argument concerns the facts established by the evidence. These facts were found by the court, on the evidence, under the pleadings, and are conclusive in this court.

The judgment is affirmed.