No. 27,572.

In re Petition of HOMER C. PETERS for a Writ of Habeas Corpus.

No. 27,605.

HOMER C. PETERS, *Appellant,* v. BLANCH IVA PETERS, *Appellee.*

(260 Pac. 975.)

SYLLABUS BY THE COURT.

1. DIVORCE—*Enforcement of Alimony Decree—Attachment for Contempt After Expiration of Term.* A court of general jurisdiction has power to enforce the payment of alimony previously decreed to a wife by an attachment for contempt where the husband willfully or contumaciously refuses or seeks to evade payments of alimony theretofore adjudged, and this may be done after the expiration of the term at which a decree for alimony was granted.

2. HABEAS CORPUS—*Use of Writ—Reviewing Trial Errors.* Habeas corpus is a collateral proceeding which may be used to inquire into the jurisdiction of the court to commit the petitioner for contempt, but it is not available to review mere errors or irregularities that occurred in the trial.

No. 27,572, original proceeding in habeas corpus. Writ denied.

No. 27,605, appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed November 5, 1927. Affirmed.

*Edward T. Riling* and *John J. Riling,* both of Lawrence, for the petitioner and appellant.

*A. E. Dempsey* and *J. J. Dawes,* both of Leavenworth, for the respondent and appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a habeas corpus proceeding brought by Homer C. Peters, to release him from imprisonment under an order of the court adjudging him to be in contempt and confining him in the county jail for neglect and refusal to obey the orders of the court previously made and an appeal from the order of the court refusing to release him. On June 11, 1920, Homer C. Peters brought an action to obtain a divorce from his wife, Blanch Iva Peters, and the defendant filed an answer resisting the granting of a divorce and ask-

---

Alimony, 1 R. C. L. 960. Divorce, 19 C. J. pp. 203 n. 34, 270 n. 10, 294 n. 91, 299 n. 76, n. 85, 300 n. 86, 301 n. 2, 304 n. 45, 305 n. 66. Habeas Corpus, 29 C. J. pp. 25 n. 4, 27 n. 6, 30 n. 15, 96 n. 12, n. 18; 12 R. C. L. pp. 1185, 1244.

ing for alimony on the ground of gross neglect of duty. The case was tried on May 22, 1922, when the court denied a divorce to plaintiff and found him guilty of gross neglect of duty towards his wife, and thereupon entered a decree in her favor awarding her alimony in the sum of $5,000, $600 to be paid in cash at once, the remainder to be paid $150 on the first day of October, 1922, and $150 thereof on or before the first day of March and October each and every year thereafter until the whole sum of $5,000 had been paid, and the court made the judgment a lien on the real estate and personal property of the plaintiff then owned by him or thereafter acquired. In May, 1922, a complaint was made charging Peters with contempt of court in failing to make the payments due on said judgment. On that accusation the plaintiff was tried, found guilty and committed to the county jail for a period of thirty days, which time he served. On September 28, 1926, another accusation was filed charging Peters with contempt, in which it was stated that he had continued his neglect and refusal to comply with the orders of the court for making the payments required under the decree. It was alleged that several small payments had been made between February 23 and December 27, 1923, amounting to $109. On that application a hearing was had in which the failure to make payments was admitted and the court, upon the admission and the evidence, found Peters to be guilty of willful neglect and refusal to comply with a decree of the court as charged in the accusation, and it was adjudged that he be confined in the county jail of Leavenworth county for a period of ten months from the date of the order unless in the meantime he complied with the decree by making payment of the sums then due under the terms of the decree, or is otherwise discharged by due course of law.

In this proceeding the petitioner insists that the court was without jurisdiction to punish him for contempt, for the reason that the term of court at which the judgment was rendered had expired, and that the only way it could be enforced was by execution. It is argued that as the judgment directing payment of alimony had been made a specific lien upon real estate and personal property, it could only be enforced in the same manner as an ordinary judgment for debt.

This contention cannot be upheld. Granting that judgments awarding alimony may in some instances be enforced by execution or other ordinary process, that does not deprive the court rendering the decree of authority to attach a party for contempt for willful

disobedience or evasions of its order requiring payments of alimony. It is a recognized method for enforcing the provisions of a decree for alimony and the power to employ it inheres in a court of general jurisdiction since it is essential to a due administration of justice. It is not necessary that there should be a statute specifically providing that this remedy may be employed. The silence of a statute in this respect does not deprive the court of the power. It has been held that a lien or execution is illy adapted to enforcement of such an order, and that an attachment for contempt is always available. (*Scott v. Scott,* 80 Kan. 489, 103 Pac. 1005; *In re Groves,* 83 Kan. 238, 109 Pac. 1087; *Andrew v. Andrew,* 62 Vt. 495; *In re Cave,* 26 Wash. 213; 99 Am. St. 736 and note; 19 C. J. 305.) And it has also been said that payment may be enforced by a contempt proceeding after the expiration of a term at which a decree for alimony was granted. (1 R. C. L. 960.) Orders made in decrees for divorce and alimony can hardly be regarded as final, as they are subject to modification upon application, a power frequently exercised where changed circumstances require modification. (*Miles v. Miles,* 65 Kan. 676, 70 Pac. 631; *In re Petitt,* 84 Kan. 637, 114 Pac. 1071.) Nor can the order to pay alimony be treated as an ordinary judgment for debt. It does not arise upon contract, but is based on the duty of the husband to support the wife, an obligation which he owes not only to his wife, but to the public as well. Neither can it be regarded as a debt within the constitutional provision prohibiting imprisonment for debt. In a period of five years he has paid only $109 towards the support of his wife, and has made no payments during the last four years. He offered testimony as to ill health and inability to raise the money with which to make the payments. He is living with his father, who pays him small wages, but his attitude as revealed by the testimony shows a lack of purpose to pay anything more on the alimony awarded. The court, after hearing the evidence, manifestly found that he was not endeavoring to comply with the order, but on the other hand was seeking to evade further payments. Even if he is actually unable to make the payments as ordered, his willful and contumacious refusal to make compliance to any extent with the order affords ground for attachment for contempt. If through illness or other reasons he should in good faith offer to and make such payments as he was reasonably able to do, but through the causes mentioned he was unable to pay the decreed amounts at

the times specified, the court upon application, we may assume, would modify the judgment and grant an appropriate relief. It may be further said that this is a collateral proceeding, and is not available to review mere errors or irregularities that occurred in the trial. It may be used to inquire into the jurisdiction of the court to make the order. The court had jurisdiction to render the alimony decree and jurisdiction to punish willful disobedience of its order to pay alimony, and a finding that there was jurisdiction practically ends this proceeding.

This opinion disposes of the appeal No. 27,605, as well as the application for release of the petitioner on habeas corpus.

It results that the writ is denied and the judgment on appeal is affirmed.