No. 33,340

THE SIGMA TAU GAMMA FRATERNITY, DELTA CHAPTER, by HAROLD COOK, President, and ROY SCHUTER, Secretary, *Appellant*, v. THE CITIZENS BUILDING AND LOAN ASSOCIATION, *Appellee*.

(67 P. 2d 582)

Opinion filed May 8, 1937.

*I. T. Richardson,* of Emporia, and *Lawrence J. Richardson,* of Topeka, for the appellant.

*Edward H. Rees* and *Everett E. Steerman,* both of Emporia, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to quiet title. Defendant's demurrer to plaintiff's reply was sustained. Plaintiff has appealed.

In the petition it was alleged that plaintiff is an organized chapter of Sigma Tau Gamma, a national fraternity of men; that it transacts its business through its president and secretary; that its business consists in maintaining the Sigma Tau Gamma, Delta Chapter, that is, in obtaining and keeping a membership of men and maintaining a house at a stated address, being the property title to which is sought to be quieted; that plaintiff is the owner and in possession of the property, and has been continuously since September, 1928, and that defendant claims some right, title or interest to the property, which plaintiff denies, but which constitutes a cloud on plaintiff's title. The prayer was that defendant be required to set up its claims, that they be adjudged to be of no effect, and that plaintiff have judgment quieting title.

In answer to the petition defendant filed what it denominated a plea in estoppel by record or former judgment, in which it was alleged: That on April 26, 1933, this defendant, as plaintiff, brought an action in the district court in which L. E. Bracey and wife, Jas. M. Jackson and wife, Guy J. Whitaker and wife, Arthur L. Banbury and Willis G. Jones, trustees of the Sigma Tau Gamma, were defendants, to foreclose a real-estate mortgage upon the property in question and to quiet the title to said property in the purchaser at the sheriff's sale against the defendants and all persons claiming by, through, or under them; that in said action plaintiff alleged that on September 15, 1926, the real property in controversy was conveyed by warranty deed to Guy J. Whitaker, who as part consideration for the purchase price of the property, assumed and agreed to pay two certain mortgages thereon, one for $3,500, the other for $1,500, in favor of the plaintiff (defendant in this action); that on May 25, 1928, Guy J. Whitaker and wife conveyed the real property to Arthur L. Banbury and Willis D. Jones, trustees, the Sigma Tau Gamma Fraternity, subject to the two mortgages above mentioned, and that whatever title the last-named defendants had in the property is inferior to the claim of plaintiff by reason of its mortgages; that service of summons was duly had upon Arthur L. Banbury and Willis D. Jones, as individuals and as trustees of the Sigma Tau Gamma Fraternity, and that they answered both as in-

dividuals and as such trustees; that Guy J. Whitaker and his wife answered and filed a cross petition as against Banbury and Jones in which it was alleged that about May 25, 1928, Whitaker entered into a written contract with Banbury and Jones, trustees of the Sigma Tau Gamma Fraternity, located at Emporia, Kan., for the sale of the real property in accordance with a certain contract providing for payments, and that as provided in this contract Whitaker and wife executed a deed to Banbury and Jones, as trustees of the Sigma Tau Gamma Fraternity, which deed was recorded, and on the same date Banbury and Jones, as trustees of Sigma Tau Gamma Fraternity, executed a general warranty deed for the property to Guy T. Whitaker, which deed was placed in escrow in the Citizens National Bank at Emporia to be delivered to Whitaker in the event the purchasers became in default for thirty days in making the payments as provided in the contract; that certain payments were made under the contract; that other payments became in default; that Whitaker notified Jones orally, and other members of the Sigma Tau Gamma Fraternity residing upon the property, that unless payments were resumed and made pursuant to the contract action would be taken to adjudicate the rights of the parties thereto, and Whitaker alleged that the purchasers of the property under that contract defaulted in the payments, and that he was entitled to have the deed in escrow delivered to him. The defendants, Arthur L. Banbury and Willis D. Jones, trustees for Sigma Tau Gamma, filed pleadings in the cause, but, on being advised by counsel that no personal judgment was sought against them, withdrew from further participation in the trial. Upon the hearing the court found and adjudged that the allegations of the answer and cross petition of Whitaker and wife are true, and that the contract between them and Banbury and Jones, trustees for Sigma Tau Gamma, should be set aside because of their failure to comply with its terms as to payment; that the deed. executed by Banbury and Jones to Whitaker and placed in escrow should be delivered to him. The court further found Sigma Tau Gamma Fraternity is composed of a large number of members, or groups of persons, having collective interests but not incorporated; that Banbury and Jones, trustees and representatives of Sigma Tau Gamma, were acting for and on behalf of themselves and were duly constituted agents of the Sigma Tau Gamma Fraternity, and that whatever rights such fraternity or its associates had in or to the premises accrued to them by reason of the contract

between Whitaker and Banbury and Jones, and no other, and that upon the cancellation of the contract the fraternity had no right, title, or interest in the property. The plaintiff's mortgage in that case was foreclosed, and Whitaker was held to have the right of redemption. While that action was pending, and on May 3, 1933, Banbury and Jones, trustees of the Sigma Tau Gamma Fraternity of Lyon county, Kansas, executed a quitclaim deed for the property in controversy to the Sigma Tau Gamma, Delta Chapter, Emporia, Kan., of Lyon county, which deed was recorded July 19, 1933. It is further alleged that the property was sold under the decree of foreclosure and purchased by the plaintiff in that action (defendant here); that the period of redemption had expired, a sheriff's deed issued, and that the plaintiff in that action (defendant here) had been put in possession of the property.

To this plea in estoppel the plaintiff replied, in which it was admitted, seriatim, all the material allegations of the plea in estoppel, but specifically alleged that Banbury and Jones were not at the time of their contract with Whitaker, or at any other time, trustees in fact of Sigma Tau Gamma Fraternity; and, further, that the plaintiff herein, Sigma Tau Gamma, Delta Chapter, had nothing to do with and was not advised concerning the title by which Banbury and Jones were designated in the conveyance from Whitaker to them. It is further alleged that in September, 1928, the Sigma Tau Gamma, Delta Chapter, made an oral contract with Banbury and Jones by which it purchased the property from them and was given possession of the property upon the consideration of one dollar and subject to the personal liability, if any, of Banbury and Jones, and that it went into possession of the property and made the payments for a time under the contract of Banbury and Jones, and later, in May, 1933, procured a deed from Banbury and Jones.

Appellant's right to quiet title in this action is predicated upon the view that Banbury and Jones in fact never were trustees for the Sigma Tau Gamma Fraternity, and even so, Sigma Tau Gamma, Delta Chapter, is a distinct unity from Sigma Tau Gamma, and the further fact that the Sigma Tau Gamma, Delta Chapter, was in possession of the property at the time of the mortgage foreclosure and was not made a party defendant in that action. The very statement of these contentions discloses a lack of equitable grounds for quieting title in plaintiff. The record discloses that whatever interest plaintiff had in this property it acquired through Banbury and

Jones, trustees of Sigma Tau Gamma Fraternity, hence plaintiff is hardly in position to say that Banbury and Jones were not acting in the capacity in which they purported to act. More than that, they got their conveyance from Banbury and Jones after the foreclosure action had been brought, hence they are bound by the decree in that case with respect to the rights of Banbury and Jones. (G. S. 1935, 60-2601; *Bessette v. Dennis,* 95 Kan. 119, 147 Pac. 1104; *Dever v. Bank,* 100 Kan. 365, 164 Pac. 166.) Perhaps there are other reasons that would sustain the court's ruling, but we deem this to be sufficient.

The judgment of the court below is affirmed.