No. 34,170

Rose Rumsey, *Appellee*, v. John L. Rumsey, and The Investors Royalty Company, Inc. (Intervenor), *Appellants* (J. R. Harris, *Defendant*).

(90 P. 2d 1093)

Opinion filed June 10, 1939.

*Ezra Branine, Alden E. Branine, Fred Ice,* all of Newton, *J. H. Jenson, Paul Ward, Delmas Haney* and *E. J. Malone,* all of Hays, for the appellants.

*D. M. McCarthy, Kathryn O'Loughlin McCarthy* and *A. J. Wiles,* all of Hays, for the appellee.

The opinion of the court was delivered by

Allen, J.: This was an action by Rose Rumsey against her husband, John L. Rumsey, for alimony. In plaintiff's petition it was alleged that the parties were married on August 2, 1926; that they have six children ranging in age from one and one-half years to eleven and one-half years. The defendant is charged with extreme cruelty, gross neglect of duty and adultery; that defendant has abandoned plaintiff, "going to parts unknown, taking with him another woman."

It is alleged that defendant is the owner of an undivided one-

tenth interest in section 23, township 11 south, range 17 west, Ellis county, Kansas.

Plaintiff asked for alimony, suit money and attorney fees, and that she be given the custody of the minor children. She also prayed that the interest of the defendant in the above-described real estate, or such part thereof as to the court should seem meet and just, be alocated to her as alimony.

Thereafter the plaintiff filed an amended or supplemental petition wherein plaintiff alleged that after the commencement of the action, and on August 16, 1937, three certain mineral deeds from John L. Rumsey to the defendant J. R. Harris, and purporting to convey certain interests in the land in section 23, above described, were filed for record in the office of the register of deeds in Ellis county. The amended petition charged that the defendants, John L. Rumsey and John R. Harris, fraudulently and illegally entered into a scheme or conspiracy to defraud plaintiff of her interest in such property; that as a part of such fraudulent scheme the defendant Harris was to induce plaintiff to consent to a divorce; that it was the intent and purpose of Harris in entering into such fraudulent conspiracy to cheat, swindle and defraud the defendant John L. Rumsey and plaintiff out of the mineral rights and property in such land. Plaintiff asked that such mineral deeds be set aside and canceled.

In the alimony action the Investors Royalty Company, Inc., prayed for and was granted leave to intervene. The petition of the intervenor alleged that on the 19th day of July, 1937, the defendant John L. Rumsey, for a valuable consideration, sold and conveyed by three separate instruments certain interests in the oil, gas and other minerals in section 23, above described, to J. R. Harris. Intervenor alleged that thereafter and on August 3, 1937, for a valuable consideration, it purchased all of the interest of Harris in and to said land, and received proper grants and assignments therefor, and that such instruments were on August 16, 1937, duly recorded in the office of the register of deeds in Ellis county. Intervenor asks that its interests so acquired be protected by proper orders and decrees of the court.

The plaintiff in her answer to the petition of the intervenor alleges that the intervenor had full notice and knowledge of the fraudulent and illegal conspiracy of John L. Rumsey and J. R. Harris, and of the fraudulent purpose of Harris, denies that inter-

venors paid an adequate consideration for the interests so acquired, and asks that the transfers from Harris to such intervenors so recorded be canceled.

The petition of plaintiff was filed on July 30, 1937. On the same date an affidavit for an attachment was filed by the plaintiff, and on that date levy of the attachment on the land of defendant John L. Rumsey above described was made by the sheriff of Ellis county.

The defendant John L. Rumsey filed an answer in which he denied the allegations of plaintiff's petition, except that he admitted he was the owner of an undivided one-tenth interest in section 23, above described, and alleged that his interest therein was of the value of $35,000.

Service was had on the defendant Harris by publication.

The court returned findings of fact and by its decree awarded all of the interest of defendant John L. Rumsey in the land in section 23, above described, to the plaintiff, and decreed that the defendant John L. Rumsey and all persons whomsoever claiming by, through or under him be forever barred, estopped and enjoined from claiming or asserting any right, title, interest or estate therein, and that plaintiff should have the right to convey and dispose of such real estate without the consent of the defendant. Attorney fees in the sum of $1,000 were allowed.

On this appeal many errors are specified.

The action was for alimony without divorce. This form of action is expressly allowed by our statute G. S. 1935, 60-1516.

The charges in the petition as to the character and conduct of the defendant John L. Rumsey were sustained by the evidence. The court found that he was "a ne'er-do-well, irresponsible, unreliable husband and father." That he abandoned his wife and children; that he associated with and traveled from state to state with disreputable women is not denied. The decree for alimony was justified by the record before us.

Were the deeds from John L. Rumsey to Harris executed with the intent and purpose to defraud the plaintiff?

The findings of the court on this question are, in part, as follows:

"8. That said J. R. Harris planned and designed to cheat, swindle and defraud John Rumsey and to defraud Rose Rumsey, the plaintiff, out of her marital rights in and to the property owned and controlled by her husband, at the time of his desertion of July 20, 1937.

"10. That said deeds executed in Hutchinson, Kan., by John L. Rumsey to J. R. Harris, exhibits in this case, were not delivered to J. R. Harris by

John L. Rumsey for the purpose and with the intention of conveying title to the real estate described therein to J. R. Harris, and no consideration for said deeds or conveyance passed from J. R. Harris to John L. Rumsey.

"11. That the design and purpose of John L. Rumsey in executing and delivering said deeds to J. R. Harris was to force the plaintiff to seek and procure a divorce from said John L. Rumsey, and as an inducement for her to do so and to join in the execution of the deeds to J. R. Harris she was to receive, if necessary to procure her to obey the will of John L. Rumsey, one-half of John L. Rumsey's mineral interests in the land described in the deeds; that this proposition was not submitted by John L. Rumsey or anyone for him to the plaintiff, Rose Rumsey, and Rose Rumsey was not given any opportunity to execute said deeds with John L. Rumsey as his wife, or to protect her inchoate interest in the real estate involved in this action."

As there was abundant evidence to support these findings they will not be disturbed on appeal. The decree setting aside the deeds to Harris must be sustained.

It is next asserted the trial court was in error in setting aside the conveyance from Harris to the intervening petitioner, the Investors Royalty Company, Inc.

The president of the Investors Royalty Company, Inc., testified that before dealing with Harris for the Rumsey land he examined an abstract of title to a part of section 23, and that the abstract showed an attachment action against the interest of John L. Rumsey; that he knew the condition of the title at the time he recommended the purchase from Harris; that he knew the attachment suit was pending and that it was an action for alimony. The witness further stated that he had never met Harris prior to August 3, 1937; that he paid out the money to Harris after examination of the abstract. The court found that the value of the royalty interests at the time of the transfer from Harris to the intervenors was $16,100, and the value at the time of the trial on March 28, 1938, was $25,000. Intervenors paid Harris $2,750. The record was certainly sufficient to put an ordinarily prudent person upon inquiry. Under the facts shown by the record it would be difficult for Investors Royalty Company, Inc., to sustain its contention that it was an innocent purchaser for value without notice. But it is not necessary to determine the claims of the intervenor on these equitable considerations alone; any right, title or interest now asserted by intervenor was acquired while the alimony suit was pending and undetermined. By the very terms of the statute no interest could be acquired as against the plaintiff.

Our *lis pendens* statute, G. S. 1935, 60-2601, provides:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition. . . ."

The section applies to actions for divorce and alimony. It was so held in *Wilkinson v. Elliott*, 43 Kan. 590, 23 Pac. 614. The first paragraph of the syllabus reads:

"Where the wife files a petition asking for a divorce and for alimony, in which she definitely describes certain real estate of the husband, and prays that it may be set apart and decreed to her as permanent alimony, the doctrine of *lis pendens* will apply; and anyone who purchases such property during the pendency of the action will be bound by the judgment subsequently rendered therein."

See, also, *Kremer v. Schutz*, 82 Kan. 175, 107 Pac. 708; *Graham v. Popple*, 129 Kan. 735, 284 Pac. 394.

As the intervenor received the conveyance from Harris after the alimony action had been brought, it is bound by the decree therein. (*Bessette v. Dennis*, 95 Kan. 119, 147 Pac. 1104; *Dever v. Bank*, 100 Kan. 365, 164 Pac. 166; *Sigma Tau Gamma v. Citizens B. & L. Ass'n*, 145 Kan. 840, 67 P. 2d 582.)

A question is raised as to the power of the court to award specific real property to the plaintiff for alimony. This question was before this court in *Osman v. Osman*, 86 Kan. 519, 121 Pac. 327, and it was there held as stated in the syllabus:

"Under the statutes of this state real estate of the husband may be set apart to the wife in actions for alimony alone, as well as in actions for divorce and alimony."

See, also, *Wohlfort v. Wohlfort*, 123 Kan. 142, 254 Pac. 334.

Intervenor further contends that the interest it acquired under the mineral deeds "is personal property, can be conveyed by the husband without the wife joining in, is not affected by record title, and that there is no duty or obligation of any kind to make any investigation whatsoever with reference to its purchase."

Our *lis pendens* statute above quoted provides that "no interest can be acquired by third persons in the *subject matter*" thereof against the plaintiff. It is not limited to real property. It is said that the trend of the American decisions is toward the application of *lis pendens* to personal property, with the exception of negotiable instruments and articles of ordinary commerce sold in the usual way. (38 C. J. 15.)

It is also to be observed that under our statute G. S. 1935, 60-901, the plaintiff in a suit for alimony may, at or after the commencement thereof, have an attachment against the property of the defendant. The evident purpose of this statute was to give to the plaintiff in a suit for alimony the same remedy that is given to creditors where a debtor has sold and conveyed or is about to sell and convey his property with the fraudulent intent of hindering, delaying, cheating or defrauding his creditors. In *Small v. Small,* 56 Kan. 1, 14, 42 Pac. 323, it was stated that a wife in a suit for alimony was in the position of a quasi creditor.

In a suit for alimony the right of the wife to have an attachment against the property of the husband under our statute G. S. 1935, 60-901, is not limited to real property. Any property, real or personal, which the husband has transferred with the fraudulent intent to defraud the wife is subject to attachment. It is therefore immaterial whether the instruments executed by the defendant John L. Rumsey to Harris operated as a transfer of real or personal property, nor is it necessary to determine the nature of the interest created by the mineral deeds.

Under the *lis pendens* statute the intervenor was charged with constructive notice of the rights of plaintiff; from the record it is clear it also had actual notice. It cannot now complain.

It is strenuously contended that the alimony award is excessive. But what defendant is in a position to urge an abatement of the award? Harris makes no defense, the intervening company paid for the mineral deeds from Harris after notice, and the defendant, John L. Rumsey, by his deeds to Harris, had transferred all his mineral rights in the land.

The trial court has a wide discretion in the allowance of alimony, and its exercise of that discretion, unless clearly abused, will not be disturbed on appeal. (*Newton v. Newton,* 127 Kan. 624, 274 Pac. 247; *Lassen v. Lassen,* 134 Kan. 436, 440, 7 P. 2d 120.)

And the same rule applies to the allowance of attorney fees. (*Deeds v. Deeds,* 108 Kan. 770, 196 Pac. 1109; *Hipple v. Hipple,* 128 Kan. 406, 278 Pac. 33.)

Manifestly the alimony to be awarded and the attorney fees that should be allowed depend on the peculiar circumstances of the case. On the record before us we cannot say that the action of the trial court was so inequitable and unjust that this court should interfere.

The judgment is affirmed.