No. 38,881

Mary Brayfield, *Appellee*, v. Ralph S. Brayfield, *Appellant*.

(264 P. 2d 1064)

Opinion filed December 4, 1953.

*H. W. Harper*, of Junction City, argued the cause, and *Lee Hornbaker*, of Junction City, and *Laurence S. Holmes*, of Wichita, was with him on the briefs for the appellant.

*Waldo B. Wetmore* and *Roy Rogers*, both of Wichita, argued the cause, and *Joe T. Rogers* and *Z. Wetmore*, both of Wichita, were with them on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from a judgment finding Ralph S. Brayfield guilty of indirect contempt.

On July 9, 1951, in an action instituted in the district court of Sedgwick County, under the provisions of G. S. 1949, 60-1516, Mary Brayfield, after a contested trial, was awarded a quarter section of real estate, then in her possession, as her separate and sole property and recovered judgment against her husband, Ralph S. Brayfield, for the sum of $1,787.50. In the same decree the husband, as defendant, was directed to pay the plaintiff the sum of $90 per month so long as they lived and remained husband and wife; pay the plaintiff's attorney a fee fixed by the court; and pay the costs of the action. The decree also provided that the defendant should have a Plymouth automobile as his separate property. No appeal was taken from this judgment.

Some eleven months after the date of the judgment, i. e., on June 2, 1952, the defendant having failed to comply with certain of its terms, the plaintiff filed a contempt accusation in the action in which such judgment was rendered. This accusation, omitting formal averments and its prayer, reads:

"1. That on the 9th day of July, 1951, upon the trial of this cause, and after being fully advised in the premises, the court made and entered an order directing the said Ralph S. Brayfield to pay an alimony judgment in the amount of $1,787.50, also ordering the defendant to pay the costs of this action, also ordering the defendant to pay support payments in the sum of $90.00 per month.

"2. That the said Ralph S. Brayfield was personally present, and had actual knowledge of said orders and that the same had been made, and was and is familiar with the full contents thereof.

"3. That said orders have not been reversed, modified, or set aside, but have at all times since July 9, 1951, and still are in full force and effect.

"4. That notwithstanding the premises the said Ralph S. Brayfield has knowingly, willfully, contumaciously, and contemptuously refused to obey the same and has failed to pay any portion of the alimony judgment in the amount of $1,787.50 with interest thereon from July 9, 1951, and has failed to pay the monthly support amounts ordered and adjudged to the plaintiff for the months of April and May, 1952, in the amount of $180.00 and has further failed to pay all of the costs accrued in this proceeding.

"5. That by reason of the failure of said Ralph S. Brayfield to obey said order of the court the authority of the court and respect therefor has been impaired, and the plaintiff has been deprived of the full use and benefit of its terms and provisions, for all of which plaintiff complains, charges and accuses in order to protect the dignity of the court and the rights of this plaintiff."

In response to the foregoing accusation defendant filed a motion to be discharged from the contempt proceeding on grounds (1) he was entitled to the protection of the Soldiers' Civil Relief Act of 1940; (2) the court was without jurisdiction to proceed for the reason that on March 27, 1952, he had been divorced from the plaintiff in an action which he had brought in the district court of Geary county; and (3) the court was without jurisdiction to enforce the property portion of its judgment by contempt proceedings because the plaintiff, as a judgment creditor, had her usual remedies at law. In addition, and so far as the record before us discloses at the same time, defendant filed an answer to the accusation wherein he (1) demurred to the statements in such accusation; (2) demurred to the authority of the court to use contempt proceedings to enforce the property portion of the money judgment; (3) reasserted the existence of the Geary County divorce decree; (4) denied generally every contempt allegation in the accusation; and (5) asserted his financial inability to pay the Sedgwick County judgment at any time since its rendition.

On June 23, 1952, the parties appeared in court by their attorneys and announced ready for trial upon the issues as disclosed by the answer of defendant and his motion for discharge. Thereupon the court overruled the last mentioned motion and denied and overruled the portion of the answer demurring to the accusation. The parties then adduced their evidence and rested. Subsequently, in conformance with defendant's request, the trial court made findings of fact and conclusions of law.

In substance the findings of fact made by the trial court were to the effect that on July 9, 1951, a judgment was rendered against the defendant in favor of the plaintiff for $1,787.50, and $90 per month as alimony and support of the plaintiff in the action; that thereafter the defendant in the action had paid the major portion of the $90 payments falling due between the date of the rendition of the Sedgwick county decree and the date on which he obtained a decree of divorce from plaintiff in the district court of Geary county. Its conclusions of law read:

"The Court finds as a conclusion of law that the defendant did wilfully and contumaciously violate the order and judgment of this Court by failing to make any payment upon the judgment in the amount of One Thousand, Seven Hundred, Eighty-seven Dollars and Fifty cents ($1,787.50), made and entered in this cause on July 9, 1951.

"IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DE-

CREED, that the defendant be and he is hereby found guilty of contempt of Court and sentenced to forthwith serve sixty days in the County Jail of Sedgwick County, Kansas."

Following the announcement of the judgment finding him guilty of contempt the defendant filed a motion for a new trial. When this motion was overruled he perfected his appeal to this court where he specifies the trial court erred (1) in overruling his demurrer to the accusation; (2) in overruling his demurrer to the evidence; and (3) in overruling his motion for new trial.

It will simplify the issues to refer at the outset of this opinion to certain fundamental legal principles, applicable to the disposition of an action such as is here involved.

One of such principles is that in an action for alimony alone, instituted under the provisions of G. S. 1949, 60-1516, the court has power to award the wife specific property belonging to the defendant husband, both real and personal, as alimony (see *Osman v. Osman,* 86 Kan. 519, 121 Pac. 327; *Rumsey v. Rumsey,* 150 Kan. 49, 53, 90 P. 2d 1093).

Another is that judgments in contempt proceedings rest within the sound discretion of the trier of facts and will not be disturbed on appellate review unless abuse of discretion clearly appears from the record (*Haynes v. Haynes,* 168 Kan. 219, 212 P. 2d 312).

Still another, which with commendable candor appellant's counsel frankly concede, is that the district court has power to enforce the payment of alimony previously decreed to a wife, by an attachment for contempt where the husband wilfully or contumaciously refuses or seeks to evade payment of alimony previously adjudged (*In re Peters,* 124 Kan. 455, 260 Pac. 975; *Kemmerle v. Kemmerle,* 171 Kan. 312, 232 P. 2d 220).

With the foregoing principles established we turn to questions raised by appellant as grounds for reversal of the involved judgment.

Early in this opinion we indicated that in the alimony phase of this action the trial court, without earmarking it, rendered judgment against the appellant for $1,787.50. Later, by quoting verbatim from the trial court's conclusion of law in the contempt proceeding, we made it clearly appear that nonpayment of this item was the sole basis on which appellant was adjudged guilty of contempt. On that account, we pause to here note, that other allegations relied on in the accusation as grounds for contempt are of no consequence

to the issues and for that reason will not be given further attention or consideration.

Resort to the record reveals that at the hearing on the accusation the trial court held that when appellee was awarded the $1,787.50, as a result of moneys found to have been advanced by her to her husband during the time of their marriage, the judge of another division of the court, in making it, regarded it as an alimony award even though he did not so designate that it was to be so construed. This finding, and the consequences flowing therefrom, give rise to most of the contentions advanced by appellant on appeal. In connection therewith it may be said that the gist of what his counsel, both in their briefs and in oral argument, state is the principal question involved on appellate review is that in law such award must be regarded as a property division money judgment, not an alimony award, hence it was not enforceable in a proceeding by attachment for contempt. Under existing conditions, and without precedent, since the award in question was made under a statute (60-1516, *supra*) providing for the recovery of alimony only, and since that was all the trial court could award in the action, we would be inclined to presume that the court followed the statute and hold that such award was an alimony award even though it was not expressly so designated. Be that as it may, the question is no longer an open one in this jurisdiction. In *Mathey v. Mathey,* 175 Kan. 446, 264 P. 2d 1058 (this day decided), we held:

"In an action for divorce, division of property and alimony in which the wife obtains a divorce by reason of the husband's fault the wife is entitled to have restored to her the property designated in G. S. 1949, 60-1511, and an allowance made to the wife in addition thereto constitutes alimony under the terms of that statute whether expressly so designated or not." (Syl. ¶ 1.)

Conceding the decision from which we have just quoted deals with another section of our statute it, nevertheless, involves an allowance of alimony where, under the conditions there existing, the only power remaining in the court was to award alimony. Analogous reasoning compels the conclusion that an award made to the wife in an action where alimony only is recoverable, whether expressly so designated or not, is as much an alimony award as the one involved in that action. Therefore based on what is said and held in the decision last cited we hold the award made in the instant case constitutes alimony under the provisions of G. S. 1949, 60-1516.

Having disposed of the foregoing question adversely to appellant's contentions we turn to other matters of less importance urged

by him as grounds for reversal of the judgment. With such question out of the way it becomes obvious there is no merit to his claim the trial court erred in overruling the demurrer to the accusation. In fact he makes no contention to the contrary.

The next error assigned, to which we shall give attention, is that appellant's demurrer to appellee's evidence was erroneously overruled. This claim has no merit. The record reveals the trial court had the alimony award before it and that at the opening of the hearing on the accusation appellant's counsel admitted no payments had been made thereon. This court is committed to the rule that at that point appellee had made a prima facie case against the contemnor and that thereafter the burden was upon him to prove any legitimate excuse he might have for nonpayment of the award. (*Kemmerle v. Kemmerle,* supra.)

Aside from other questions heretofore disposed of appellant's argument in support of his position on the overruling of the motion for new trial is that his conviction of contempt is not sustained by the evidence. Nothing would be gained by a detailed discussion of the evidence. It suffices to say appellant testified as a witness in his own behalf and that the trial court had an opportunity to observe his demeanor and conduct while on the witness stand; and that some of the statements made by him while testifying, if believed, would have warranted a finding of not guilty while others were sufficient to sustain the trial court's conclusion he was guilty of contempt as charged in the accusation. The court saw fit to disregard the statements to which we have first referred and give credence to the latter. In that situation, in the light of the second legal principle to which we referred at the beginning of this opinion, it is asking too much of this court to hold that the trial court abused its discretion in giving credence to the statements sustaining its decision and it cannot be said there was no evidence to support it. Therefore its judgment will not be disturbed. The fact no time was fixed by the trial court for payment of the award affords no sound ground for a contrary conclusion. We think the judgment, coming at the close of a trial at which appellant was present and, since the record discloses no motion for a new trial, became due and payable at the time it was entered of record. Of a certainty it became final, and hence due and payable, when he elected to take no appeal therefrom.

Finally appellant claims the trial court erred in overruling his

motion for discharge. Appellee insists the ruling on this motion is not here because it was not assigned as error. Ordinarily that would be true. However, due to the fact the record discloses the parties announced ready for trial upon the issues as disclosed by the appellant's answer and his motion for discharge, we are not inclined to so summarily dispose of this claim of error and will give it consideration.

We therefore turn to the grounds of such motion. First, after conceding the statute on which he relies is permissive and not mandatory and, that under its terms, each situation is left to the sound discretion of the court, appellant contends the motion should have been sustained because he was in the service at the time of the hearing on the accusation and the rendition of judgment, and hence was entitled to the protection of the Soldiers' Civil Relief Act of 1940. On this point we find nothing in the record to warrant this court in holding the trial court abused sound judicial discretion in refusing to give appellant relief under the terms of the Act. Second, it is urged the court was without jurisdiction to proceed with the contempt hearing for the reason that on March 27, 1952, long after the alimony judgment had become final, appellant had obtained a decree of divorce from appellee in the district court of Geary County. No authorities are cited to support this claim and, under such circumstances, we might well assume there are none. In any event, since the proceedings on which this judgment was based are not abstracted or made a part of the present record, we hold that this judgment affords no sound ground for sustaining the motion. Third, it is urged the court was without jurisdiction to enforce the property portion of its judgment by contempt proceedings because the appellee, as a judgment creditor, had her usual remedies at law. This ground of the motion, as we have seen, assumes erroneously that the judgment for $1,787.50 was not an alimony award. Moreover, under our decisions (*Haynes v. Haynes,* supra) the fact an alimony award may be enforced as an ordinary judgment does not do away with the concurrent remedy of enforcement by attachment of the person.

Since we are unable to find anything in the record, or in the contentions advanced by appellant, as warranting a reversal of the trial court's decision its judgment must be and it is hereby affirmed.

It is so ordered.