No. 46,900

Roy Hensley, Kay Hawes, H. H. Brown, Jr., and Darrel D. Williams, on Behalf of Themselves and All Other Resident Electors in the High School Attendance Center of Disorganized Ford County, Kansas, School District No. 84, *Appellants*, v. Board of Education of Unified School District No. 443, Ford County, Kansas: Dean Hamilton, President; Dr. Herbert C. White, Member; Robert E. Barhydt, Member; Donald L. Hahn, Member; Jack N. Stanley, Member; Dr. Arnold H. Baum, Member; and Mrs. George E. Mussemann, Member, *Appellees*.

(504 P. 2d 184)

Opinion filed December 9, 1972.

*Donald E. Shultz*, of Shultz, Shultz, Johnson and Reynolds, of Dodge City, argued the cause and was on the brief for the appellants.

*James A. Williams*, of Williams, Larson, Voss and Stroebel, of Dodge City, argued the cause, and *Max Eugene Estes*, of the same firm, was with him on the brief for the appellees.

*Walter F. Stueckemann* and *B. A. Lightfoot,* both of Jetmore, were on the brief for The Schools for Quality Education, *Amicus Curiae.*

*Fred W. Rausch, Jr.,* of Topeka, was on the brief for Kansas Association of School Boards, *Amicus Curiae.*

The opinion of the court was delivered by

FROMME, J.: Resident electors of a disorganized school district appeal from a judgment in favor of the accused school board on an accusation in contempt.

The appellants are electors residing in the territory of former School District No. 84, which district was disorganized and more than three-fourths of its territory was annexed to Unified School District No. 443, Ford County, Kansas. Said unified district has its largest attendance facility in Dodge City, Kansas. At the time of the disorganization of School District No. 84 it was operating a school attendance facility for eight primary and four secondary grades at Ford, Kansas. In 1971, the board of education of the unified district attempted by resolution to close the high school attendance facility at Ford, Kansas, on the grounds that the building was unsafe and did not meet the fire protection and safety requirements for school occupancy as published by the chief deputy fire marshal of Kansas. Thereupon the electors of the disorganized district in a court action obtained an injunction against the board to prevent closing the high school attendance facility.

The following year the board of education of the unified district adopted a resolution to change the use of the high school attendance facility in Ford, Kansas, by discontinuing high school classes for grades 10, 11 and 12, and by maintaining classes for grades 7, 8 and 9 therein. Thereupon the electors of the disorganized district filed the present accusation in contempt against the board alleging that such action on the part of the board amounted to contempt of the previous injunction against closing.

The same judge who ordered the injunction heard the accusation in contempt. He determined that the change in use of the high school attendance facility was authorized by K. S. A. 1971 Supp. 72-8213 (*e*), that the previous injunction order against closing the high school attendance facility had not been violated and that the board was not guilty of contempt. The electors have appealed.

Although four points are listed as error, the first three may be considered as one contention, *i. e.,* the trial court's interpretation of its previous injunction order was erroneous, in that a change in use

of the high school attendance facility at Ford violated the provisions of the injunction. The fourth and final point is based on a refusal of the trial court to award attorney fees and costs to the accusers.

The pertinent part of the injunction order of 1971 reads as follows:

"WHEREFORE, it is, by the Court, ordered, adjudged and decreed that the defendant Board of Education of Unified School District No. 443, Ford County, Kansas, be and it is hereby mandatorily enjoined and commanded to continue using the Ford High School attendance facility as a high school, unless and until the same may be closed by some lawful manner, in order that the resident electors of Disorganized School District No. 84, Ford County, Kansas, be afforded the protection of K. S. A. 72-8213 (Supp. 1970)."

The provisions of K. S. A. 1971 Supp. 72-8213 were in effect at the time the injunction order was entered, August 23, 1971. Generally, the statute imposes a limitation on the authority of boards of education of unified school districts to close attendance facilities. The statute provides that a board shall not close any attendance facility that is being operated by a district to be disorganized at the time the unified district is organized if at least three-fourths of the territory and of the taxable tangible valuation of the disorganized district is included in the unified district. However, it does provide that a board may close such an attendance facility if a majority of the electors of the attendance center consent either in writing or by vote at an election. An attendance facility is defined in the statute to mean a school building. An attendance center is defined to mean the area around an attendance facility consisting of the territory in the unified district which was formerly territory of the disorganized district.

In addition to closing by consent or election the statute authorizes closing in other specific situations. The present action of the unified board was not based upon any of the closing provisions of the statute.

The final paragraph of the statute reads:

"Nothing in this section shall be deemed to restrict or limit the authority of any board to change the use of any attendance facility, so long as at least three (3) high-school grades, three (3) junior high-school grades, or six (6) elementary school grades are offered in such attendance facility." (K. S. A. 1971 Supp. 72-8213 [e].)

The action of the board which precipitated the accusation in contempt was taken under authority of this paragraph of the statute authorizing changes in use. The elimination of classes in grades 10, 11 and 12 at Ford High School affected 37 students.

The mandatory injunction of 1971 commanded the board to continue using the Ford High School attendance facility as a high school. However, the command did recognize possible future exceptions. The high school was to continue until it was closed in some lawful manner. The term high school is commonly understood to refer to a school which includes classes for grades 9 through 12 or, in those districts which have separate junior high schools, a high school may include classes for grades 10 through 12. The purpose of the future exceptions mentioned in the injunctive order was ". . . in order that the resident electors . . . be afforded the protection of K. S. A. 72-8213 (Supp. 1970)." What are these protections provided by the statute?

Reading the statute as a whole two situations are contemplated. The first is when an attendance facility is closed. Certain protections for the resident electors are spelled out in the statute. Closing must be authorized by consent or by vote of the electors. Consent or vote may not be required under specified circumstances such as when the attendance facility (high school) has failed to receive accreditation; when it is located in a city which has a population in excess of 20,000; when the closing was effected prior to March 14, 1967, and the territory containing the attendance facility is attached or annexed without a signed agreement or without petition therefor by the unified district. The second situation contemplated by the statute is when a change in use of any attendance facility is ordered by the board. In such case the protections provided the resident electors relate to the number and combination of school grades which must be offered at the attendance facility. The offering must include either three high school grades, three junior high school grades or six elementary grades.

A change in use of a school attendance facility as authorized under paragraph (e) of K. S. A. 1971 Supp. 72-8213 does not constitute a closing of that facility so as to require consent or an affirmative vote of a majority of the electors within the attendance center.

The appellants (electors) contend that mandatory injunction required the accused (board) to continue high school classes at Ford High School. They attach no significance to that part of the injunction order which qualifies the mandatory injunction by providing, ". . . unless and until the same may be closed by some lawful manner, in order that the resident electors of Disorganized School District No. 84, Ford County, Kansas, be afforded the protection of K. S. A. 72-8213 (Supp. 1970)."

In determining the proper construction to be given a judgment

the entire wording should be considered and given effect, if possible, to make the judgment reasonable, consistent and effective. (*McHenry v. Smith,* 154 Kan. 528, 119 P. 2d 493.) A judgment should be construed in light of the issues raised by the pleadings. Claimed rights arising from a judgment should not be expanded by implication in contempt proceedings beyond the meaning of the plain terms of the judgment when read in light of the issues joined by the pleadings. (*Ensch v. Ensch,* 157 Kan. 107, 138 P. 2d 491.) Judgments in contempt proceedings rest within the sound discretion of the trier of facts and will not be disturbed on appellate review unless an abuse of judicial discretion clearly appears from the record. (*Brayfield v. Brayfield,* 175 Kan. 337, 264 P. 2d 1064.)

When the same trial judge who entered an injunction order hears a later contempt proceeding based on violation of that injunction the interpretation placed on the injunction order by the trial court in arriving at a judgment of not guilty in the contempt proceeding will generally be followed by the appellate court. (*Roush v. Hodge,* 193 Kan. 473, 394 P. 2d 101.)

An examination of the pleadings and the judgment in the injunction action indicates that issues presented by the pleadings related to closing the school building for classroom purposes because the building did not meet minimum standards for fire protection and safety. Such grounds for closing were not urged under authority of K. S. A. 1971 Supp. 72-8213. The judgment entered in the injunction action recognized the authority of the board to close the attendance facility or to change the use so long as it afforded the electors the protections of K. S. A. 1971 Supp. 72-8213. Our construction of the judgment must give effect to the entire wording of the judgment when the entire wording appears reasonable and consistent.

The appellants contend that, since the statute was in effect at the time the mandatory injunction was ordered, the statutory authority granted therein was absorbed by the judgment and the judgment granting injunctive relief required a high school to be maintained at the Ford High School attendance facility irrespective of any subsequent action taken by the board under the statute.

A judgment is construed in light of the issues raised by the pleadings on which the judgment rests. As previously pointed out the issues in the first action were limited and cannot be expanded by implication in contempt proceedings beyond the issues decided in the action.

In the present case the judge who heard the injunction action and entered the judgment was the same judge who determined the contempt proceeding. His interpretation of the effect of his previous injunction order in arriving at a judgment of not guilty in the contempt proceeding bears special weight with this court on appeal.

The case of *Hand v. Board of Education,* 198 Kan. 460, 426 P. 2d 124, is referred to by appellants. There we held an injunction was authorized and we prevented a unified district board from changing the use of an attendance facility at McCune without an election or consent. Such change of use was not authorized by K. S. A. 72-6756, although the board continued to maintain grade school classes in the attendance facility. Subsequent to our opinion in *Hand* the legislature repealed K. S. A. 72-6756 and passed the statute now under consideration including paragraph ( *e* ) of K. S. A. 1971 Supp. 72-8213.

Paragraph ( *e* ) appears to be a legislative alteration of the law discussed in the *Hand* decision, and clearly permits certain classes in a school building to be discontinued without a vote of the people so long as some designated classes are maintained there.

Appellants argue that the language of paragraph ( *e* ) does not contain any positive grant of authority to the school boards since it reads "Nothing in this section shall be deemed to restrict or limit the authority of any board. . . ." Appellants thus contend any authority to change the use must be specifically granted elsewhere. This argument loses sight of a basic conclusion reached by this court in the *Hand* case, that K. S. A. 72-6756 was designed to limit the general authority otherwise granted to school boards to manage the schools and determine where schools should be maintained. The same basic conclusion applies to K. S. A. 1971 Supp. 72-8213. (See K. S. A. 1971 Supp. 72-8205 and *Webb v. School District,* 167 Kan. 395, 206 P. 2d 1054.) Thus, paragraph ( *e* ) makes clear that although the statute limits the general authority of the board, it does not limit it if certain conditions are met.

Appellants next argue that, even if the use of the attendance facility is changed, a high school must be conducted somewhere in the disorganized district and that Ford High School students cannot be compelled to attend Dodge City High School.

If the legislature had wished to require that a local high school be maintained when the use of the building for certain grades is discontinued, it could have said so. As noted above, K. S. A.

1971 Supp. 72-8213 was a limiting statute and paragraph (e) was designed to establish certain conditions under which the limitation would not apply, namely, when the building was not closed but merely had its use changed in the manner set forth. The offering of the discontinued classes at the same locale was not a condition the legislature chose to impose upon the unified board and it cannot be imposed by this court. Thus the ruling of the court below appears proper.

A decision on guilt or innocence of an accused in a contempt proceeding rests in the sound discretion of the judge before whom the matter is pending, particularly when there is a question as to what was meant in an injunctive order previously entered by the same judge. *Haynes v. Haynes,* 168 Kan. 219, 212 P. 2d 312; *Roush v. Hodge,* supra.

Appellants' final claim on appeal relates to a failure of the trial court to award them attorney fees. They cite no cases or statutory authority for assessing such fees as costs against an accused who is not found guilty of contempt. We know of none. K. S. A. 60-802 (c), cited by appellants, is not persuasive authority on this question. It relates to the allowance of damages in a mandamus proceeding when judgment is given for the plaintiff. This was not a mandamus proceeding and judgment was not for the plaintiffs. The claim for attorney fees was properly denied.

One final matter deserves comment. The Kansas Association of School Boards and an association identifying itself as The Schools for Quality Education obtained permission to file briefs in this appeal as *amici curiae.* The briefs filed question the constitutionality of K. S. A. 1971 Supp. 72-8213 (e), which question was not presented to the court below and was not included in appellants' statement of points. Therefore the permission to file *amici curiae* briefs, if on constitutional questions, was improvidently granted.

An issue, other than one of jurisdiction, is not to be considered on appeal when not raised in the court below and when not included in the statement of points. (*Board of County Commissioners v. Brookover,* 198 Kan. 70, 74, 422 P. 2d 906; *Atkinson v. Herington Cattle Co., Inc.,* 200 Kan. 298, 309, 436 P. 2d 816; *Shinkle v. State Highway Commission,* 202 Kan. 311, 448 P. 2d 12; *Pacific Indemnity Co. v. Berge,* 205 Kan. 755, 473 P. 2d 48.)

The trial court's rulings on the questions presented to it in the contempt proceeding appear correct and the judgment below is affirmed.