No. 27,669.

E. E. WULF, Administrator *de bonis non*, with the Will Annexed, of the Estate of MARY FITZPATRICK, Deceased; TERESA COSLETT, NELLIE FITZPATRICK, ANNA WENDLING, THOMAS FITZPATRICK; and MICHAEL FITZPATRICK, by J. A. COSLETT, His Guardian, *Appellees*, v. JAMES FITZPATRICK and MARY BLANCHAT, *Appellants*.

(261 Pac. 838.)

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Time for Appeal*. A decree in a divorce case, rendered in 1914 and not appealed from, has become final. Complaints now made concerning its prudence or justice are unavailing.

2. STATUTES—*Construction—General and Special Statutes—Validity of Will Made After Separation Decree*. Rule followed that a statute relating to a specific thing takes precedence over a general statute which might be 'construed to relate to it, and held that R. S. 60-1506, authorizing the court in a divorce case, where for good cause a divorce is not granted, to make a division of the property, and to set apart to one of the parties specific property, with title in fee simple, with full power to convey, devise or dispose of the same without the consent of the other party, is valid, notwithstanding the statute (R. S. 22-238) relating to wills of married persons.

3. WILLS—*Restrictions on Disposition—Rights of Husband and Wife Under Separation Decree*. In an action for divorce, although grounds for a divorce were established, the court did not grant a divorce because of the request of plaintiff prompted by her religious faith, but did render a decree that the parties live separate, for the custody, education and maintenance of the children, and for a division of the property, and set apart and decreed to plaintiff specific property, with title in fee simple, with full power to convey, devise or dispose of the same without the consent of defendant. Thereafter plaintiff made a will, without the consent of her husband, disposing of the property so set apart and decreed to her, to others than her husband. *Held*, the decree and the will are valid, and that the husband who survived his wife has no title or interest in the property.

Appeal from Harper district court; GEO. L. HAY, judge. Opinion filed December 10, 1927. Affirmed.

*James Fitzpatrick*, of Kingman, *pro se*.

*E. C. Wilcox, J. Howard Wilcox, Myrtle Youngberg*, all of Anthony, and *H. E. Walter*, of Kingman, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is a proceeding brought by E. E. Wulf, executor of the will of Mary Fitzpatrick, deceased (and certain beneficiaries

Divorce, 19 C. J. p. 189 n. 74. Husband and Wife, 30 C. J. p. 1096 n. 4 new. Statutes, 36 Cyc. p. 1151 n. 57. Wills, 40 Cyc. pp. 1043 n. 77, 1057 n. 98.

named in the will), for a declaratory judgment to construe a decree
of the district court rendered in 1914, in an action for divorce
brought by Mary Fitzpatrick against James Fitzpatrick, in which
an absolute divorce was not granted but the property was divided,
and to determine the effect of a will later made by Mary Fitzpatrick
without the consent of her husband, James Fitzpatrick, by which she
disposed of the property given her by the decree above mentioned.
Plaintiffs contend that under the decree the will disposed of full title
to the property to the legatees and devisees therein named, while de-
fendant contends he is the owner of the property—thus presenting
an actual controversy within the meaning of our statute (R. S. 60-
3127) relating to declaratory judgments. The trial court held in
accordance with the contentions of plaintiffs. The defendant has
appealed.

Appellant has filed a brief *pro se*, which is not helpful to this court
in understanding and determining the legal questions involved.
Therefore we sent for the original papers. By examining these and
considering the brief of appellees we are able to understand what
this case is about and to discover the legal questions presented for
our determination.

The facts disclosed by the record are substantially as follows:
James Fitzpatrick and Mary Fitzpatrick, his wife, were residing on
a farm consisting of 160 acres in Harper county. The title to the
land was in the name of James Fitzpatrick. It was encumbered by
a mortgage of $4,000, and there was other indebtedness of about
$1,000. Eleven children had been born to them, seven of whom were
living. In 1914 Mary Fitzpatrick brought an action for divorce
against her husband on the grounds of extreme cruelty, gross neglect
of duty and habitual drunkenness. On the hearing of the case she
offered evidence supporting the allegations of her petition, and the
court found that such allegations were true. At the time of the trial
the plaintiff made it known to the court that because of her religious
faith she did not desire an absolute divorce. As it relates to the
separation of the parties, the decree provides:

"That the marriage bonds heretofore existing between the said Mary Fitz-
patrick, plaintiff, and the said James Fitzpatrick, defendant, be and the same
are hereby suspended and rendered inoperative, but not dissolved, but a de-
cree of separation is hereby granted; that the said plaintiff is granted the
right of separation from the said defendant and his bed and board, the same
being after the nature of a divorce *a mensa et thoro*, by reason of the faults
of said defendant; all to the end that said parties shall live separate and apart

until the further order of this court; and their rights in the property of each other as husband and wife shall now cease and determine, and henceforth neither party shall have any right or interest in the property of the other, and neither shall have any interest in or inherit property from the other by reason of the death of either party. In event of death the property of each shall pass as if the survivor had previously died; all to the end that this separation be complete and effective as a divorce and distribution of property and rights, except that the marriage bonds are suspended and rendered inoperative, but not dissolved."

The decree further provides that the care, custody and education of the children of the parties be confided to the plaintiff exclusively. It further provides "that the said plaintiff have and possess, with fee simple title and ownership, as and for alimony, the home farm (describing it). And the court does hereby grant and vest in the said Mary Fitzpatrick, plaintiff, the fee simple title to the said real property hereby set apart and decreed to her, and she has full and complete right and power to convey, devise and dispose of same without the consent of her said husband, the said defendant. . . ."

Appellant here complains of this decree. It was not appealed from and has become final. Complaints concerning it made now are unavailing.

Mary Fitzpatrick died in 1925, leaving a will, by which she devised and disposed of all of her property, including the real property set off to her by the decree above mentioned. James Fitzpatrick had not consented to this will; no provision was made for him in it, and he was not called upon to elect whether he would take under it.

The legal question presented by this record may be thus stated: In an action for divorce, when a divorce is not granted and the parties remain husband and wife, but the court for good cause shown decrees that the parties may live separate and apart from each other, and divides the property, setting off specific property to the wife to be hers absolute, can the wife thereafter devise or dispose of by will all the property given her by the decree to persons other than her husband without his consent? (The same question would arise if the will in question were that of the husband, disposing of property set off to him by the decree.)

Our statute of wills provides:

"No man while married shall bequeath away from his wife more than one-half of his property, nor shall any woman while married bequeath away from her husband more than one-half of her property. But either may consent in

writing, executed in the presence of two witnesses, that the other .may bequeath more than one-half of his or her property from the one so consenting." (R. S. 22-238.)

Our statute does not provide for the granting of a divorce *mensa et thoro,* and the use of that term in the decree under consideration may be disregarded. By our constitution (art. 2, § 18) all power to grant divorces is vested in the district courts, subject to regulation by law, and the legislature has by statute (R. S. 60-1501 to 60-1518) regulated the granting of divorces. The only divorce provided for by our statute is an absolute divorce. Realizing, however, that in some cases where an absolute divorce should be refused, orders should be made respecting the custody and maintenance of children, and the property rights of the parties, the legislature has provided:

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties, and in such case the order of the court shall vest in the parties a fee-simple title to the property so set apart or decreed to them, and each party shall have the right to convey, devise and dispose of the same without the consent of the other." (R. S. 60-1506.)

The decree here in question was rendered under the authority of this statute, and vested the fee-simple title in plaintiff to the property set apart and decreed to her, and specifically decreed in her the right "to convey, devise and dispose of the same without the consent" of her husband.

The only legal question of importance in this case is the apparent conflict between the statute of wills (R. S. 22-238) and the statute pertaining to the authority of the court to make a division of property in a divorce case, when the divorce is not granted (R. S. 60-1506). These statutes should be construed harmoniously, so that each has a field for its operation, if that can reasonably be done. This can be done. The statute of wills states the general rule with respect to a will made by a husband or wife; it does not attempt to deal with the power of the court to render an appropriate decree respecting the property of the parties in an action for divorce, even when for

good cause a divorce is not granted. The statute regulating the granting of divorces (R. S. 60-1506) does deal with that specific circumstance, and with that alone. Following the general rule that a statute pertaining to a specific thing takes precedence over a general statute which might be construed to relate to it, we hold that R. S. 60-1506 is valid and applicable to the specific circumstances to which it relates, notwithstanding the statute of wills (R. S. 22-238). Since the decree here being considered was rendered under and in accordance with this statute (R. S. 60-1506) it necessarily follows that Mary Fitzpatrick had a fee-simple title to property set apart and decreed to her, with full power to convey, devise and dispose of it without the consent of her husband, James Fitzpatrick, and that he now has no title or interest in such property.

Perhaps it should be noted that we are not called upon to consider in this case what would be the right of James Fitzpatrick under our statute of descents (R. S. 22-108) in this property if Mary Fitzpatrick had not conveyed, devised or disposed of it within her lifetime. We have no such situation before us.

The judgment of the court below is affirmed.