No. 43,775

In the Matter of the Estate of Ernest Fults, Deceased. (ALTA WHITE, *Appellant*, v. MINNIEOLA FULTS, and J. C. EDWARDS, Administrator, *Appellees.*)

(394 P. 2d 32)

Opinion filed July 14, 1964.

*Kenneth H. Foust* and *John O. Foust,* both of Iola, were on the briefs for the appellant.

*J. D. Conderman,* of Iola, argued the cause, and *Robert V. Talkington,* of Iola, was with him on the briefs for Minnieola Fults, appellee.

No appearance by J. C. Edwards, Administrator, appellee.

The opinion of the court was delivered by

PARKER, C. J.: This case stems from differences arising between Ernest Fults and Minnieola Fults whose marital status had not been terminated by a divorce.

The facts essential to a proper understanding of the decisive appellate issues involved will be referred to in the order and form in which they appear in an unusual and confusing record.

Following the institution of a separate maintenance proceeding (case No. 20,683) in the district court of Allen County, in which Ernest and Minnieola Fults stipulated as to a property settlement, the trial judge, on February 13, 1950, rendered a judgment which, according to the journal entry of judgment, omitting recitals approving the settlement, reads:

"THEREUPON, the remaining issues are argued to the Court by respective counsel and the Court having heard the evidence, arguments of counsel, and being advised in the premises, finds that each of the parties hereto has proven a cause of action against the other and that the parties are in equal wrong, but since only the defendant asked for a divorce, this Court is without jurisdiction to grant a divorce. That the prayers in the pleadings of the respective parties hereto should be denied; that the property settlement above set out is reasonable, equitable and just and should be approved.

"IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that plaintiff be denied the prayer of her Petition insofar as separate maintenance is concerned, and defendant be denied the prayer of his Petition insofar as divorce is concerned; that by way of property settlement, there be assigned to plaintiff as her sole and separate property, free and clear of any interest of the defendant, the household furniture of the parties, the 1947 Packard automobile, and the 1940 Oldsmobile automobile; that there be assigned to defendant as his sole and separate property, free and clear of any interest of the plaintiff, the 1941 Chevrolet automobile, the 1947 Chevrolet automobile, and the 1948 Chevrolet automobile; that counsel for respective parties be given thirty days from this date in which to negotiate sale of the following described real estate; the North one-half of Lot 2 and the South one-half of Lot 3, Block 84, City of Iola, Allen County, Kansas; and that if sale of same is not effectuated in such time such property shall be sold as upon execution, and from the proceeds of such sale there shall be paid first the costs of this action, second the indebtedness of the parties to the Iola State Bank in the approximate sum of $1750.00 plus interest, third the balance, if any, to be divided equally between the parties."

On November 17, 1961, approximately twelve years after rendition of the foregoing judgment, Ernest executed a last will and testament wherein he gave and bequeathed all property which he might own at his death to his daughter, Alta Lavern White, the appellant herein, and nominated J. C. Edwards, an appellee herein, to be the executor of his will.

On a date undisclosed by the record, Ernest died and his will was admitted to probate. Later, and on February 18, 1963, Minnieola, as his surviving spouse, filed an election in his estate proceeding in the probate court, under the provisions of G. S. 1961 Supp., 59-603, wherein she elected to renounce and reject the provisions of his will and elected to take what she was entitled to as his wife by the laws of intestate succession, specifically G. S. 1949, 59-504. It is conceded that Minnieola, as Ernest's spouse, had not consented in writing to his will in his lifetime in the manner provided by law. (G. S. 1949, 59-602.)

Subsequently, and on March 4, 1963, Edwards filed an answer and objection in the probate court, for and on behalf of himself as executor and for and on behalf of Alta White, wherein he contended that under the laws of Kansas, as contained in G. S. 1949, 60-1506, the 1950 judgment gave Ernest the right to devise his property without the consent of Minnieola and that, by reason of that judgment and such section of the statute, Minnieola did not have the right to elect to take under the law.

In the face of the record presented what happened in the probate

court, after the filing of Minnieola's election to take under the law and Edwards' objection thereto, must be left to speculation and conjecture. However, since the record fails to include further probate court proceedings and the next record of any proceeding appearing in or relied on by appellant in her abstract is a journal entry of a judgment rendered by the district court of Allen County in case No. 23,154, titled "In the Matter of the Estate of Ernest Fults, Deceased," it must be assumed that the probate court of Allen County found that Minnieola had a right to elect to renounce and reject the provisions of Ernest's will and to take her rights at law as his surviving spouse and overruled Edwards' answer and objection to her election to do so; and that thereafter the action of the probate court was appealed to the district court for purposes of a review of such rulings.

Moreover, since the case at bar (No. 23,154) was disposed of in the court below wholly on the basis of facts stipulated by the parties, all of which are set forth in the above mentioned journal entry of judgment without being elsewhere referred to in the record, we deem it necessary to quote at length from that instrument in order to fully complete the factual picture required to dispose of the appellate issues to which we shall presently refer. Pertinent provisions of such journal entry read:

"Be It Remembered, that on this 26th day of April, 1963, the above entitled matter comes on for trial before the Court. Minneola Fults, widow of the above named decedent, appears in person and by . . . her attorneys; J. C. Edwards, Administrator of the estate of Ernest Fults, appears in person as attorney for Alta White, heir of said decedent, and there are no other appearances.

"Thereupon, parties by respective counsel stipulate and agree that the files from the Probate Court of Allen County, Kansas, in the Matter of the Estate of Ernest Fults, deceased, and from this Court, entitled Minneola Fults v. Ernest Fults, No. 20,683, . . ., be considered as evidence; that the copy of Will, copy of Election and copy of Executor's Objection, attached to the files herein, be considered as true copies of and in lieu of the originals thereof; that Exhibits No. 1 and No. 2, offered herein be admitted in evidence; that the Testator was, at the time of his death, and continuously since prior to 1950, engaged in the taxi business; *that the assets and property of the estate of said decedent, differ, and were not the same as those referred to in Journal Entry in the above mentioned case No. 20,683;* that there has been no cohabitation by or between said decedent and said Minneola Fults since the entry of judgment in said case No. 20,683; that said Minneola Fults had not participated in nor contributed to the accumulation of the assets of the estate of the decedent; that at all times herein involved prior to the death of said decedent, that Minneola Fults had received from the Federal Government through the Veterans' Administration,

a regular monthly payment as wife of decedent, and since the death of decedent, has been found eligible by the Government for benefits as widow of said decedent; *that the matter so stipulated constitute the facts herein involved and the matter should be submitted to the Court upon such agreed facts.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"THEREAFTER, and on the 7th day of June, 1963, the Court renders its Memorandum Decision, recognizing the right of Minneola Fults to participate in the estate of Ernest Fults as his heir and surviving widow, in accordance with her election as surviving spouse to take at law, filed in the Probate Court of Allen County, Kansas, in the estate No. 9085 on February 18, 1963.

"IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED, that Minneola Fults participate in the estate of Ernest Fults as his heir and surviving widow in accordance with her election as surviving spouse to take at law filed in the Probate Court of Allen County, Kansas, in estate No. 9085 on February 18, 1963." (Emphasis supplied.)

Following rendition of the judgment, to which we have last referred, Edwards, as executor, and Alta filed a motion for a new trial, the principal ground of which was to the effect the judgment of the district court was contrary to the law in that G. S. 1949, 60-1506 was not followed in said judgment. When this motion was overruled Alta perfected the instant appeal.

Boiled down and stripped of all excess verbiage the paramount and all-decisive question involved in this case may be stated thus: *Does the 1950 judgment, which was rendered in accord with the stipulation entered into between Ernest and Minnieola as to a property settlement, bar Minnieola (the surviving spouse) from her rights under the statute of descent and distribution (G. S. 1949, 59-504) as to property acquired by Ernest in the interim between the date of what decree and the date of his death?*

Conceding, with commendable candor, that under our statutes (see G. S. 1949, 59-602 and G. S. 1961 Supp., 59-603) and decisions (*Ashelford v. Chapman,* 81 Kan. 312, 314, 105 Pac. 534; *Ward v. Ward,* 153 Kan. 222, 223, 109 P. 2d 68; *Tomb v. Bardo,* 153 Kan. 766, 768, 114 P. 2d 320) construing their force and effect the established rule is that when a widow elects to take in opposition to her husband's will she receives the share of his estate that she would have taken had he died intestate, which is one-half in value after the payment of debts, appellant insists that the instant judgment is contrary to the law because in rendering it, the trial court did not follow or give force and effect to the provisions and requirements of G. S. 1949, 60-1506. So far as here pertinent such statute provides that when a divorce is refused:

". . . the court may for good cause shown make such order as may be proper . . ., and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties, and in such case the order of the court shall vest in the parties a fee-simple title to the property so set apart or decreed to them, and each party shall have the right to convey, devise and dispose of the same without the consent of the other."

Specifically appellant's contentions, with respect to the position she takes that the trial court did not follow or give force and effect to the provisions of 60-1506, *supra,* are twofold. "First," as we understand it, she contends that the district court in its decree in the 1950 case (No. 20,683) determined all property rights, present and future, between the parties. "Second," in obvious recognition of the uncertainty of her position as to subsequently acquired property, she insists that even though her position as to such property is held to be without merit, the district court in the 1963 case (No. 23,154) nevertheless erred in holding that Minnieola had a right to inherit a one-half interest in the three automobiles which had been specifically awarded to Ernest as his property under the 1950 decree.

There are at least three reasons why appellant's "First" contention cannot be upheld.

In the first place the meager record of the 1950 case, as submitted, makes it affirmatively appear that the district court made no attempt in that case to make any disposition of subsequently acquired property as between the parties to the action. Indeed, without fear of contradiction, it may be stated the stipulation on which such court based a portion of its judgment did not purport or attempt to cover or include subsequently acquired property.

In the second place the express language of 60-1506, *supra,* as heretofore quoted, definitely indicates that the authority of a trial court in making a property division, such as is here involved, is limited to property owned by the parties as of the date of the decree.

In the third place it is well-established, under the law of this state, that in cases similar to the one at bar, a court cannot reach out and appropriate future property. See *Hardesty v. Hardesty,* 115 Kan. 192, 222 Pac. 102, where, under conditions similar to those here involved, this court said:

"A division of·property is made while the marriage relation continues in existence and is in a sense a substitute for separate maintenance or temporary alimony. It is made regardless of the merits of the application for a divorce or as to the party who is at fault and in making it the court has no power and does not reach into the future and make disposition of subsequent earnings or accumulations of either party. The power of the court only extends over the property owned by the parties when the order for division is made. (*Johnson v. Johnson,* 57 Kan. 343, 46 Pac. 700.) . . . *Here there was no divorce when the division was made, the parties continued to be husband and wife and the marital obligations of the relation remained.* . . ." (pp. 194, 195.) (Emphasis supplied.)

For recent decisions where the rule of the *Hardesty* case has been considered, discussed, approved and applied see, e. g., *Fincham v. Fincham,* 174 Kan. 199, 209, 255 P. 2d 1018, and *Paul v. Paul,* 183 Kan. 201, 204, 326 P. 2d 283.

The foregoing decisions make it clear that the 1950 judgment did not bar Minnieola, as surviving spouse, from her rights, under the statutes of descent and distribution (see 59-504, *supra*), as to property acquired by Ernest between the date of its rendition and the date of his death.

Nothing would be gained by prolonging this opinion in a discussion of numerous claims advanced by appellant with respect to her "Second" contention.

It suffices to say that the record presented in case No. 23,154 makes it crystal clear the parties themselves stipulated that the assets and property of the estate of Ernest differed and were not the .same as those referred to in the journal entry in case No. 20-683. Under such circumstances we cannot go behind the stipulation and determine the rights of appellant in property not here involved. This, we may add, is especially true under the particular circumstances of the case at bar where it affirmatively appears from the record that the trial court's judgment in the 1963 case dealt entirely with subsequently acquired property and made no attempt whatsoever to dispose of property involved in the 1950 judgment. Indeed we are told, and it is not denied, that the trial court, in a memorandum opinion on which it based the instant judgment, specifically stated the property disposed of under the 1950 judgment was in no sense involved in the judgment rendered in the 1963 action. In the face of that situation appellant's "Second" contention lacks merit from a factual standpoint and she cannot be heard to say the court erred in refusing to give force and effect to 60-1506, *supra*, in reaching its decision in case No. 23,154.

The judgment is affirmed.