No. 47,755

ELLEN L. FISKE, *Appellant,* v. RAYMOND B. FISKE, *Appellee.*

(542 P. 2d 284)

Opinion filed November 8, 1975.

*Philip Shaffer,* of Salina, argued the cause, and *Frank C. Norton,* also of Salina, was on the brief for the appellant.

*Jerome P. Hellmer,* of Marietta and Kellogg, of Salina, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This appeal is taken from an order of the district court dismissing plaintiff's garnishment of her former husband's wages. The district court stated there was no judgment on which garnishment could issue. We must determine whether the provisions of a separation agreement incorporated in a divorce decree become a judgment enforceable by garnishment.

The facts are undisputed. Plaintiff Ellen L. Fiske sued defendant Raymond B. Fiske for divorce. The parties entered into a stipulation agreement purporting to make a final and binding setttlement of all their property rights and claims against each other. Dated February 18, 1970, the document included a provision requiring defendant to pay the indebtedness on a house trailer in the amount of $130.00 per month. The stipulation agreement was filed with the journal entry of divorce. The trial court specifically stated that it "approved" the agreement and made it "a part of" the decree. Because of its significance to this appeal, we quote that part of the journal entry which refers to the stipulation agreement:

"5. That plaintiff and defendant have entered into a Stipulation which has been filed herein and which contains the following provisions:

"This Stipulation, made and entered into this 18th day of February, 1970, by and between Ellen L. Fiske, plaintiff herein, and Raymond B. Fiske, defendant herein, witnesseth:

"WHEREAS, an action for the divorce is now pending in the above entitled action in the District Court of Saline County, Kansas; and,

"WHEREAS, said parties have agreed they can no longer live together and have agreed to live separately and apart whether or not a divorce is granted in the above entitled action; and,

"WHEREAS, said parties now wish to make a final and binding settlement of all their property rights and of all the claims of each against the other of every kind and nature;

"Now THEREFORE, in consideration of the premises and of the mutual promises and performances hereinafter made and promised, said parties do hereby agree as follows:

"1. It is mutually agreed that the plaintiff shall have as her sole and separate property the house trailer (12' by 65' Commodore), and defendant shall pay the indebtedness thereon, due at Kaw Valley State Bank in Kansas City, Kansas, said payments in the approximate amount of $130.00 per month.

. . . . . . . . . . . . . .

"8. It is further understood and agreed that in the event either of the parties of the plaintiff and defendant herein should secure a divorce from the other, that the defendant and plaintiff herein named will not ask for any other sum of or sums for any reason or for any other property except that which is heretofore specifically set out; that in consideration of the execution of this mutual agreement, plaintiff and defendant receive the same as full and complete settlement and release from all claims against the defendant and plaintiff respectively; that each of said parties shall have as their sole and separate property all such real and personal property as he or she may now have or hereafter acquire, the same as if said parties had never been married.

. . . . . . . . . . . . . .

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Stipulation of the parties heretofore filed herein be and the same is hereby approved and made a part of by the terms of said Stipulation as set forth herein."

Defendant made monthly payments in accordance with paragraph one of the stipulation agreement until October, 1973. By August, 1974, he had not resumed the payments and had fallen ten months behind, producing an arrearage of $1,286.10. After unsuccessful demand upon defendant for that amount, plaintiff sought and obtained garnishment of defendant's wages. Defendant subsequently filed a motion for an order dismissing the garnishment on the ground there was no judgment on which to base the garnishment. After hearing argument of counsel, the district court found the garnishment issued by plaintiff should be dismissed, and that paragraph one of the stipulation agreement entered into between the parties was not "a part of the judgment and decree of divorce."

The principal question raised by the parties in this appeal is whether the provisions of the stipulation agreement, executed by the parties and approved by the trial court, were "merged" into the

decree of divorce so as to be a final and binding judgment enforceable by way of garnishment. It is defendant's contention that the separation agreement as entered into by the parties was not "merged" or "incorporated" into the decree of divorce in the absence of clear and convincing language by the trial court expressing an intent to make the contract a binding judgment on the parties. In support of his theory, defendant cites numerous Kansas cases applying the rule that a separation agreement approved by the trial court as a part of its decree in a divorce action is not to be regarded as merged in the judgment or decree of divorce in the absence of clear and unequivocal language requiring that conclusion. (*In re Estate of Shideler*, 172 Kan. 695, 242 P. 2d 1057; *French v. French*, 171 Kan. 76, 229 P. 2d 1014; *Petty v. Petty*, 167 Kan. 510, 207 P. 2d 428.) We have no quarrel with defendant's statement of the law as expressed in the aforementioned cases. The cases cited arose prior to the adoption of the new code of civil procedure (K. S. A. 60-101, *et seq.*), and specifically K. S. A. 60-1610 (now K. S. A. 1974 Supp. 60-1610). That section has been referred to previously by this court as having changed the law with respect to alimony and divorce. (*In re Estate of Sweeney*, 210 Kan. 216, 500 P. 2d 56.) In 60-1610 (*d*) it is provided that if the parties have entered into a separation agreement which the trial court has approved, "it shall be incorporated" in the decree and the provisions thereof "shall be confirmed" in the decree, except that provision for the custody, control and education of minor children shall remain subject to the control of the trial court.

Prior to the enactment of 60-1610 (*d*) there was no statutory provision in this state regulating the effect of separation agreements incorporated in a divorce decree. A considerable amount of litigation, including those cases cited by defendant, centered around the question of when a stipulation agreement was "merged" in the judgment. By enacting subsection (*d*) and requiring that all separation agreements approved by the trial court be "incorporated in the decree," the legislature resolved the problem of merger as it has arisen in the past cases. (See, Gard, Kansas Code of Civil Procedure Annotated, § 60-1610 [*d*], p. 733; Vernon's Kansas Statutes Annotated, § 60-1610.4, p. 473; Dan Hopson, Jr., "Divorce and Alimony Under the New Code," 12 Kan. L. Rev. 27, p. 43.) In effect, this statute merged into the divorce decree all separation agreements which were found to be fair, just and equitable by the trial court. We pointed this out in *In re Estate of Sweeney*, supra, and

emphasized that although the intent of subsection $(d)$ is to merge all matters settled by such agreements into the court's decree, such merger does not abolish the contractual aspects of the agreement. The effect of incorporation of the separation agreement in the decree of divorce was explained as follows:

". . . By its judicial sanction through confirmation, the court makes the agreement judicial in character, entitling the parties to the full benefit of the agreement which is no longer executory but executed. When confirmed, the executed agreement is subject to enforcement pursuant to its terms and the decree of the court. In determining the effect of the decree, the agreement is properly to be considered, and this court is of the opinion the confirmation of the agreement *and its merger into the decree* does not abolish the contractual aspects of the agreement, but leaves the court in the position to construe the provisions of the agreement consistent with the facts and circumstances and the expressed intention of the parties.

". . . This clearly indicates the agreement was intended by the statute to have force and effect in addition to being incorporated in the decree. Thus, the effect of the court's confirmation is to create a hybrid in the law having the characteristics of a judgment and retaining the contractual rights of the parties." (p. 224.) (Emphasis added.)

Thus, under the express provisions of the statute, the trial court must incorporate and confirm all matters settled by a fair, just and equitable separation agreement. By so doing the agreement is merged into the judgment and is subject to enforcement as part of the decree. We conclude the trial court in the instant case complied with subsection $(d)$ by including a copy of the separation agreement in the journal entry and by ordering that the separation agreement was approved and "made a part of" the decree. This being true, we are compelled to agree with plaintiff that the separation agreement became part of the judgment upon approval by the trial court and incorporation in the journal entry. The provision of the separation agreement requiring defendant to make monthly payments in the amount of $130.00 per month therefore became a valid and binding judgment. It follows that the district court erred in dismissing plaintiff's garnishment and in finding the provisions of the stipulation agreement were not a judgment of the court.

The judgment of the district court is reversed and remanded.

MILLER, J., not participating.