(563 P.2d 485)
No. 48,183

LUDIE LINSON, widow of George Linson, deceased, *Appellant,* v. MARY JOHNSON, Executrix of the Estate of George Linson, Deceased, and MARY JOHNSON, as an individual, *Appellee.*

Opinion filed April 8, 1977.

*Thomas E. Joyce,* of Kansas City, for the appellant.

*Lynn F. Taylor, II* and *Keith Martin* of Payne & Jones, Chartered, of Olathe, for the appellee.

HARMAN, C.J., REES and SPENCER, JJ.

SPENCER, J.: This is an appeal from summary judgment denying the right of a surviving spouse to inherit from her deceased husband's estate by reason of a decree of separate maintenance rendered June 14, 1972, and filed July 9, 1972.

George and Ludie Linson (hereinafter referred to as George and Ludie, respectively) were married May 18, 1921, at Kansas City, Missouri. The record reveals that on June 14, 1972, they had submitted themselves to the jurisdiction of the District Court of Jefferson County, Kansas, in a divorce proceeding initiated by Ludie in which George sought separate maintenance and prevailed. Pertinent portions of the decree of separate maintenance are as follows:

"Thereupon, evidence is presented in support of the petition of plaintiff and the

cross-petition of defendant and the defendant moves to amend his cross-petition for divorce to a cross-petition for separate maintenance which is by the court sustained. The court finds that because of the conduct of the plaintiff as set forth in the evidence that her petition for divorce should be denied and the defendant's petition for separate maintenance should be sustained.

"The court further finds that the parties during the marriage have accumulated real property and personal property and that an equitable division should be made as hereinafter set forth. The court further finds that the plaintiff has income from social security and the defendant has income from social security, Columbia Steel Tank and an army pension and that the defendant should pay to the plaintiff as alimony the sum of $125.00 per month commencing July 3, 1972.

"IT IS THEREFORE ORDERED that the plaintiff's petition be and the same is hereby denied and the defendant be and he is hereby granted a decree of separate maintenance from the plaintiff herein.

"IT IS FURTHER ORDERED that all right, title and interest in the following described property be and the same is hereby vested in the plaintiff and the defendant as tenants in common:

"The North ½ of the Southwest Quarter of Section 6, Township 10, Range 19, Jefferson County, Kansas.

"IT IS FURTHER ORDERED that the plaintiff shall pay the real estate taxes on the foregoing described property, shall have the right to occupy said property to the exclusion of the defendant and shall pay all insurance costs and maintenance costs of said property.

"IT IS FURTHER ORDERED that all right, title and interest to the following described property, be and the same is hereby vested in the plaintiff and the defendant as tenants in common:

"All of Lot 31, MISSION RIDGE, a subdivision in Johnson County, Kansas.

"IT IS FURTHER ORDERED that the defendant shall pay the real estate taxes on the foregoing described property, shall have the right to occupy said property to the exclusion of the plaintiff and shall pay all insurance costs and maintenance costs of said property.

"IT IS FURTHER ORDERED that the defendant shall pay to the plaintiff as alimony the sum of $125.00 per month which shall be paid to the plaintiff, but shall be sent to the Clerk of the District Court, the Courthouse, Oskaloosa, Kansas, and shall be paid each month thereafter until the further order of the court."

George died testate on April 28, 1974, and his last will and testament dated July 8, 1972, which named Mary Johnson, his daughter and the appellee herein, as his sole devisee and legatee, was duly admitted to probate in Johnson County, Kansas. Ludie had not consented to her husband's will and under date of September 10, 1974, she filed her election as the surviving spouse to take under the law of intestate succession. Mary Johnson, executrix, filed her written defenses alleging that all of the property owned by the parties was divided under the decree of

separate maintenance as rendered on June 14, 1972; that neither of them, and particularly George, had accumulated any additional property since the date of that decree; and asked that the court rule that Ludie is not entitled to any portion of the decedent's estate by reason thereof. Thereafter, the matter was transferred to the District Court of Johnson County for a determination of the issues of whether Ludie is entitled to share in the estate of the decedent George as his widow; whether she is entitled to homestead rights on the land occupied by her in Jefferson County, Kansas; to have her homestead rights set over as provided by K.S.A. 59-401; and to receive the allowances provided by K.S.A. 59-403. The executrix filed motion for summary judgment. Thereafter, Ludie filed her affidavit in which she stated that on June 14, 1972, title to the real estate set apart for her husband's occupancy was in the name of Ludie E. Linson alone and title to the real estate set apart for her occupancy was in the names of Ludie Linson and George Linson, husband and wife. She also stated that the decree of separate maintenance is still in full force and effect and that no petition for divorce or termination of the marriage was filed by Ludie or George subsequent to the rendition of that decree. It was in this posture that the matter was submitted to the trial court for summary judgment.

The trial court found as a matter of fact that Ludie Linson and the decedent George Linson were husband and wife and that their marriage was terminated by the death of George on April 28, 1974, but concluded that as a matter of law the decree of separate maintenance prevented Ludie from inheriting any portion of her husband's estate.

The executrix argues in support of the conclusion of the trial court and states that this result is required both by the laws of the state of Kansas governing divorce and separate maintenance and by the probate code. She states that any other result would render the property division in the decree of separate maintenance a nullity and would have the effect of rendering inconclusive the final adjudication of the District Court of Jefferson County. She draws attention to Article 16 of the Code of Civil Procedure and suggests that in most particulars an action for separate maintenance is identical to an action for divorce and the relief available on either action is the same, specifically with respect to division of property as provided by K.S.A. 60-1610 (c). That statement is

overbroad, of course, for although the grounds for divorce and separate maintenance are the same, the two are entirely different causes of action. A divorce, if granted, completely dissolves the marriage relation; whereas a decree of separate maintenance permits the continuation of the relation in a legal sense and the granting of a divorce to one party precludes the granting of separate maintenance to the other. (*Zeller v. Zeller,* 195 Kan. 452, 407 P. 2d 478; *Saint v. Saint,* 196 Kan. 330, 411 P. 2d 683.)

Prior to the enactment of the Code of Civil Procedure (K.S.A. Chapter 60) in 1963, there was no specific statutory authority for an action for separate maintenance, but rather one for "alimony only" which was commonly referred to as separate maintenance. Such action was authorized by the provisions of the statute last found at G.S. 1949, 60-1516. The authority of the court to divide the property of the parties to a divorce action or one for alimony or separate maintenance when the parties appeared to be in equal wrong or in any other case where a divorce was refused was contained in the provisions of the statute last found at G.S. 1949, 60-1506, which provided:

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for . . . the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties, and in such case *the order of the court shall vest in the parties a fee-simple title to the property so set apart or decreed to them, and each party shall have the right to convey, devise and dispose of the same without the consent of the other."* (Emphasis supplied.)

In the case of *Osman v. Osman,* 86 Kan. 519, 121 Pac. 327, an opinion filed in 1912, our court held that real estate of the husband may be set apart to the wife in actions for alimony alone as well as actions for divorce and alimony under the statutes of this state as they then existed. In that opinion the court noted that the portions of the statute (G.S. 1949, 60-1506), *supra,* to which emphasis has been supplied were added in the code revision of 1909 and stated that the effect of an award in such case to vest the title in fee, if doubtful before, is set at rest by the amendment referred to.

In the case of *Wulf v. Fitzpatrick,* 124 Kan. 642, 261 Pac. 838, an opinion filed in 1927, the question was presented as follows:

". . . In an action for divorce, when a divorce is not granted and the parties remain husband and wife, but the court for good cause shown decrees that the parties may live separate and apart from each other, and divides the property, setting off specific property to the wife to be hers absolute, can the wife thereafter devise or dispose of by will all the property given her by the decree to persons other than her husband without his consent? . . . " (p. 644.)

The court there stated that the decree in question was rendered under the authority of R.S. 60-1506 and "vested the fee-simple title in plaintiff to the property set apart and decreed to her, and specifically decreed in her the right 'to convey, devise and dispose of the same without the consent' of her husband," using the language of the statute as it then existed.

Since enactment of the revised code of civil procedure in 1963, the procedure in an action for divorce and for separate maintenance has been the same. K.S.A. 60-1601 provides that "[t]he district court may grant a decree of divorce or separate maintenance for any of the following causes: . . . ." K.S.A. 60-1610 provides that "[a] decree in an action under this article may include orders on the following matters: . . . (c) *Division of property.*" It is clear that an action for separate maintenance is "an action under this article" and therefore specific statutory authority now exists for the court to divide property in an action for separate maintenance.

K.S.A. 60-1610 (c) provides:

"The decree shall divide the real and personal property of the parties, whether owned by either spouse prior to marriage, acquired by either spouse in his or her own right after marriage, or acquired by their joint efforts, in a just and reasonable manner, either by a division of the property in kind, or by setting the same or a part thereof over to one of the spouses and requiring either to pay such sum as may be just and proper, or by ordering a sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale."

Thus, the statute under which a division of property may be made in an action for divorce or for separate maintenance no longer contains the language of G.S. 1949, 60-1506 which set apart to the parties a fee-simple title in property with the right to "convey, devise and dispose of the same without the consent of the other." Neither does the "equal fault" statute, K.S.A. 60-1606, which replaced G.S. 1949, 60-1506, contain that or similar language.

Obviously, a decree of divorce terminates the right of either party to inherit from the estate of the other under the laws of intestate succession, but this is a result of the dissolution of the

marriage relationship rather than a division of property incident to a divorce decree under K.S.A. 60-1610 (*c*).

When a statute is revised and some parts are omitted, the omitted parts are not readily to be supplied by construction but are generally to be considered as annulled. (*State, ex rel., v. Richardson,* 174 Kan. 382, 256 P. 2d 135.) A change in phraseology or the deletion of a phrase in amending or revising a statute raises a presumption that a change of meaning was intended by the legislature. (*Shawnee Township Fire District v. Morgan,* 221 Kan. 271, 559 P. 2d 1141.) K.S.A. 60-1610 has been referred to previously by our supreme court as having changed the law with respect to alimony and divorce. (*In re Estate of Sweeney,* 210 Kan. 216, 500 P. 2d 56; *Fiske v. Fiske,* 218 Kan. 132, 542 P. 2d 284.) Neither the appellee's brief nor the findings of the trial court set forth any authority for the position that the right to convey and devise property without the consent of the other spouse is extant in the present statute. We must presume that the legislature, in deleting that portion of the statute providing that "the order of the court shall vest in the parties a fee-simple title to the property so set apart or decreed to them, and each party shall have the right to convey, devise and dispose of the same without the consent of the other," intended thereby to effect a change in the law and that it was fully aware of the impact of the change which was made. (*State, ex rel., v. Richardson,* supra; *State v. Beard,* 197 Kan. 275, 416 P. 2d 783.)

Clearly therefore, the language of old G.S. 1949, 60-1506 is not available to support the executrix' position or the ruling of the district court. If Ludie's right to inherit as a surviving spouse is to be denied, the authority for such must appear in our present law.

It is contended that such a result follows from the fact that a division of property under our present K.S.A. 60-1610 is intended to be final. This contention is entirely correct insofar as it goes. It is clear that a division of property under K.S.A. 60-1610 is to be final in the sense that the court cannot later modify its decree and alter the terms of the division, as on the motion of a party who alleges changed circumstances. (*Flannery v. Flannery,* 203 Kan. 239, 452 P. 2d 846.) However, it is another thing to say that a division of property is final in the sense that property set apart permanently to one spouse cannot be inherited by the surviving spouse under the separate statutes governing intestate succession.

Such statutes in parts relevant to this appeal are as follows:

"59-504. If the decedent leaves a spouse and no children nor issue of a previously deceased child, all the decedent's property shall pass to the surviving spouse. If the decedent leaves a spouse and a child, or children, or issue of a previously deceased child or children, one-half of such property shall pass to the surviving spouse."

"59-505. Also, the surviving spouse shall be entitled to receive one-half of all real estate of which the decedent at any time during the marriage was seized or possessed and to the disposition whereof the survivor shall not have consented in writing, or by a will, or by an election as provided by law to take under a will, except such real estate as has been sold on execution or judicial sale, or taken by other legal proceeding: *Provided,* That the surviving spouse shall not be entitled to any interest under the provisions of this section in any real estate of which such decedent in his or her lifetime made a conveyance, when such spouse at the time of the conveyance was not a resident of this state and never had been during the existence of the marriage relation."

"59-603. The surviving spouse, who shall not have consented in the lifetime of the testator to the testator's will as provided by law, may make an election whether he or she will take under the will or take what he or she is entitled to by the laws of intestate succession; but he or she shall not be entitled to both. If the survivor consents to the will or fails to make an election, as provided by law, he or she shall take under the testator's will."

Since a divorce, if granted, completely dissolves the marriage relationship, whereas a decree of separate maintenance permits the continuation of the relation in the legal sense (*Zeller v. Zeller,* supra; *Saint v. Saint,* supra), it follows that the surviving husband or wife is a "surviving spouse" within the meaning of the intestacy laws. Does it then also follow that the surviving spouse may inherit from the decedent's estate, notwithstanding the decree of separate maintenance as rendered June 14, 1972? We have concluded that under the circumstances presented in this appeal, that question must be answered in the affirmative.

The executrix cites the case of *In re Estate of Fults,* 193 Kan. 491, 394 P. 2d 32, in support of her position and the trial court considered that case as consistent with the present law of this state. That was a case where in 1950 the trial judge denied both separate maintenance and a divorce but approved a stipulation as to a property settlement as set forth in the decree. The question there presented was:

" . . . Does the 1950 judgment, which was rendered in accord with the stipulation entered into between Ernest and Minnieola as to a property settlement, bar Minnieola (the surviving spouse) from her rights under the statute of descent and distribution (G.S. 1949, 59-504) as to property acquired by Ernest in the

interim between the date of [that] decree and the date of his death?" (193 Kan. at 494.)

The court cited the provisions of G.S. 1949, 60-1506 then in force and concluded that the 1950 judgment did not bar the surviving spouse from her rights under the statutes of descent and distribution as to property acquired by her deceased husband between the date of the rendition of the judgment and the date of his death, citing with approval the case of *Hardesty v. Hardesty,* 115 Kan. 192, 222 Pac. 102, to the effect that in similar cases a court cannot reach out and appropriate future property. We do not find *In re Estate of Fults,* supra, to be determinative of the issues here presented.

The executrix argues that the decree in its property division portions is similar to a separation or postnuptial agreement in that when Ludie brought her action for divorce she consented to the adjudication with respect to the division of property resulting in a decree of separate maintenance as binding upon her as any postnuptial agreement which she might have entered into. She suggests also that Ludie thereby consented to the provisions of George's will wherein he devised his property to his daughter Mary. She cites *In re Estate of Bradley,* 179 Kan. 539, 297 P. 2d 180, as authority that a postnuptial agreement may defeat the right of a surviving spouse to elect to take against the decedent's will. We have no argument with that statement of the law except to say that in this instance the decree of the Jefferson County District Court provides no evidence of such an agreement nor is there any showing in the record on appeal of such an agreement made during the lifetime of the parties which in any manner shows the intention of each of them to exclude the other from the right of inheritance to their respective properties. Neither do we find any merit whatsoever in the suggestion that by suing for divorce, Ludie thereby consented to her husband's will as anticipated by K.S.A. 59-603. All parties seem to agree as to the right of a surviving spouse to inherit his or her interest in property acquired after a decree of separate maintenance as *In re Estate of Fults,* supra.

Nothing in the decree of separate maintenance indicates any clear intent of the trial court at that time to terminate rights of inheritance by either of these parties in the estate of the other, and we hold that under the circumstances set forth in this appeal,

Ludie Linson as the surviving spouse of George Linson, deceased, is entitled under the provisions of K.S.A. 59-603 to make an election to take what she is entitled to by the laws of intestate succession and her right to inherit from the estate of her deceased husband was not barred by the decree of separate maintenance rendered June 14, 1972, by the District Court of Jefferson County, Kansas. Having so determined, any question as to Ludie's entitlement to rights of homestead and the widow's allowance remain with the district court to be resolved pursuant to law.

The judgment of the trial court is reversed and this case remanded with instructions to enter judgment in conformity herewith.