No. 48,183

LUDIE LINSON, widow of George Linson, deceased, *Appellant,* v.
MARY JOHNSON, Executrix of the Estate of George Linson,
Deceased, and MARY JOHNSON, as an individual, *Appellee.*

(575 P.2d 504)

Opinion filed February 25, 1978.

*Thomas E. Joyce,* of Joyce and Joyce, of Kansas City, argued the cause, and was on the brief for the appellant.

*L. Franklin Taylor,* of Payne & Jones, Chartered, of Olathe, argued the cause, and *Keith Martin,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal from a summary judgment denying the right of a surviving spouse to inherit from her deceased husband's estate by reason of a decree of separate maintenance entered June 14, 1972, by the District Court of Jefferson County.

The question is whether the decree of separate maintenance which made a division of the property is final in the sense that property set apart to one spouse cannot be inherited by the surviving spouse under the separate statutes governing intestate succession.

The Kansas Court of Appeals reversed the trial court in an opinion titled *Linson v. Johnson, Executrix,* 1 Kan. App. 2d 155, 563 P.2d 485, and we granted a petition for review. The facts are fully stated in the opinion of the Court of Appeals, and upon review we adopt and approve the opinion written by the Court of Appeals, which held:

"Nothing in the decree of separate maintenance indicates any clear intent of the

trial court at that time to terminate rights of inheritance by either of these parties in the estate of the other, and we hold that under the circumstances set forth in this appeal, Ludie Linson as the surviving spouse of George Linson, deceased, is entitled under the provisions of K.S.A. 59-603 to make an election to take what she is entitled to by the laws of intestate succession and her right to inherit from the estate of her deceased husband was not barred by the decree of separate maintenance rendered June 14, 1972, by the District Court of Jefferson County, Kansas. Having so determined, any question as to Ludie's entitlement to rights of homestead and the widow's allowance remain with the district court to be resolved pursuant to law." (pp. 162-163.)

We elaborate on the construction of K.S.A. 60-1610(*c*) to avoid confusion.

This provision relating to the disposition of property applies equally to cases where either separate maintenance or divorce is decreed. By the language in 60-1610(*c*), *supra*, the legislature intended to broaden the power of the trial court concerning the division of property. It brought about a change in the prior law. (*LaRue v. LaRue,* 216 Kan. 242, 531 P.2d 84.) The trial court can now set property apart to a husband or wife for a period of years until the children are grown or finish school, can place property in trust for the benefit of the wife or husband, as the case may be, can create a life estate in one of the parties with remainder over to the other, or can give property to one of the spouses with a lien in favor of the other, payable out of the proceeds at the expiration of a certain period of time when the property is to be sold. In other words, the trial court can now decree disposition of the property in such a manner as may be appropriate under the circumstances of the case. As 60-1610(*c*) now stands it does not prevent the trial court from awarding property to one of the parties absolutely by employing language to that effect—that the property, describing it, is awarded to one of the parties, naming the party, free and clear of any right, title, interest, lien, claim or estate of the other.

All the trial judge was required to do, where separate maintenance was decreed, as here, to cut off the right of inheritance of the survivor of the first of the parties to die was to provide in the decree that title to the real property awarded each of the parties be vested free and clear of any right, title, interest, lien, claim or estate of the other party.

When a decree of *separate maintenance* is entered, and the property is divided pursuant to 60-1610(*c*), *the decree must be specific and clearly indicate an intent* on the part of the trial court, when the decree is entered, to terminate the rights of inheritance

by either of the parties to the marriage in the estate of the other.
The judgment of the trial court is reversed.

OWSLEY, J., concurring and dissenting: The sole issue in this
case concerns the right of a surviving spouse to inherit from her
husband who died after the parties' property had been divided by
a decree of separate maintenance. I concur with the decision of
the court on this point.

For some unexplained reason the opinion of the court goes
beyond this issue and discusses the nature of ownership of the
property awarded to the parties in the decree. The court con-
cludes that while the property is divided among the two parties
the party possessing property under the decree cannot sell, mort-
gage, encumber or otherwise convey that property without the
consent of his or her spouse unless the decree so provides. I
disagree with this conclusion.

K.S.A. 60-1610(c) provides that the "decree shall divide the real
and personal property of the parties  .  .  .  in a just and rea-
sonable manner.  .  .  ." A division of property between hus-
band and wife in connection with a separate maintenance decree
contemplates separate ownership of the divided property. To
hold otherwise and require consent of both spouses for sale or
mortgage would make the division of property meaningless. The
majority opinion would create the following effects:

1.  The spouse in possession of the property could not sell
without the other's consent, even though he or she might wish to
do so from a business standpoint or the need to sell might exist in
order to provide food or shelter.

2.  The spouse in possession of the property could not mort-
gage the property without the other's consent, even though he or
she might want to build upon or improve the property.

3.  The potential to inherit would provide a motive for the
nonpossessing spouse to withhold consent to a sale. By prevent-
ing transfer of property during his or her spouse's lifetime, a party
could be assured of the right to inherit a portion of the property
upon the possessing spouse's death.

4.  The property affected by a separate maintenance decree
could be tied up for several years, depending upon the age of the
parties at the time the decree is entered.

When property is divided in connection with a separate main-

tenance decree I believe it was the intent of the legislature to permit each of the parties to own the property awarded individually without any interference by the other party. The majority opinion bases its conclusion on the fact a statutory change has been made in 60-1610. The former statute provided property awarded in a separate maintenance decree could be conveyed by one spouse without the consent of the other. The present statute is silent on this subject. While ordinarily a deletion of a phrase in a statute raises a presumption that the legislature intended a change, this court should not blindly adhere to the rule when the result is illogical. The concept that property awarded in a separate maintenance decree gives the party awarded the property the right to use and convey it without interference from his or her spouse is so basically sensible the presumption should not be applied.