274 S.W.3d 496 (2008)
ESTATE OF Larry R. McKOWN, Deceased; Sharon Cumpton, Public Administrator Personal Representative;
Elaine F. McKown, Appellant,
v.
Lutricia Rapue, Respondent.
No. WD 69360.
Missouri Court of Appeals, Western District.
November 25, 2008.
Rehearing Denied January 27, 2009.
*497 Dana K. Kaiser, Kansas City, for appellant.
Jeremiah Kidwell, Kansas City, for respondent.
Before THOMAS H. NEWTON, C.J., JOSEPH M. ELLIS, and JAMES EDWARD WELSH, JJ.
JAMES EDWARD WELSH, Judge.
Elaine F. McKown appeals the circuit court's judgment denying her election of surviving spouse, application of surviving spouse for exempt property, and application of surviving spouse for homestead allowance against the estate of Larry R. McKown. Elaine McKown asserts that the circuit court erred in finding that a Kansas decree of separate maintenance barred her from claiming statutory allowances or from otherwise inheriting property in Larry McKown's estate. We reverse the circuit court's judgment.
The evidence established that Elaine McKown and Larry McKown were married on June 9, 1968. On November 1, 1995, the District Court of Johnson County, Kansas, entered a decree of separate maintenance in regard to Elaine and Larry McKown's marriage. The district court found that Elaine and Larry McKown were incompatible with one another and that they "should be granted an Absolute Decree of Separate Maintenance one from the other on the grounds of incompatibility." The decree stated, "[T]he parties state to the Court that an oral settlement agreement has been reached as to the disposition of all rights, duties and obligations of the parties[.]" In regard to the property, the decree ordered:
10. The marital real estate of the parties located at 7500 Norwood Drive, Prairie Village, Kansas, 66208, shall be set aside as the sole and separate property of [Elaine McKown], free and clear of any interest of [Larry McKown] and [Larry McKown] shall execute a Quit-Claim Deed releasing any interest that he has in such real estate to [Elaine McKown]. [Elaine McKown] shall be responsible for maintaining the mortgage obligation on such real estate and shall pay all costs associated with the property henceforth.
11. The lake lot property located at Pomme de Terre and legally described as Lot 17, Stamp Development, a Subdivision *498 of Hickory County, Missouri, is set aside to [Larry McKown] as his sole and separate property and [Elaine McKown] shall execute a Quit-Claim Deed or any other document necessary to relinquish any right, title, claim or interest she may have in said property.
12. The pension and profit sharing at General Motors and any other retirement benefits which may have accrued as a result of [Larry McKown's] employment with General Motors shall be set aside to him as his sole and separate property free and clear of any right, title, interest or claim on the part of [Elaine McKown] therefore.
13. Each party shall be given their own personal property and clothing. All other personal property has been divided and each party hereto shall keep and maintain as his or her sole and separate property all that property which is in his or her possession at the time of the granting of this Decree of Separate Maintenance and neither shall make any further claim upon the other for any personal property.
After the court issued the decree of separate maintenance, Elaine McKown and Larry McKown lived separate and apart. They never dissolved their marriage.
On August 7, 2002, Larry McKown executed his Last Will and Testament, in which he acknowledged that Elaine McKown was his spouse but noted that they had "a separate maintenance agreement of record in Johnson County, Kansas." Under the terms of his will, Larry McKown left his estate to his mother, Gwendolyn McKown, so long as she survived him. If Gwendolyn McKown did not survive Larry McKown, which she did not do, the will directed that Larry McKown's estate would go to his sister, Lutricia Rapue.
On May 7, 2007, Larry McKown died. On June 20, 2007, Larry McKown's last will and testament was admitted to probate. The Inventory and Appraisement filed with the court indicated that Larry McKown's estate consisted of real property located in Bates County, Missouri, having a value of $30,000 and subject to a deed of trust in the amount of $17,950; a 1994 Ford Taurus having a value of $1,000; household goods and furnishings having a value of $500; and General Motors life insurance proceeds in the amount of $96,905.95.
On October 11, 2007, Elaine McKown filed with the circuit court an election of surviving spouse, an application of surviving spouse for exempt property, and an application of surviving spouse for homestead allowance. On January 28, 2008, the circuit court held a hearing on the claims of the creditors of the estate and on Elaine McKown's election to take against the will and her applications for exempt property and homestead allowance. On February 8, 2008, the circuit court entered its judgment denying Elaine McKown's election of surviving spouse, application of surviving spouse for exempt property, and application of surviving spouse for homestead allowance. After considering the Kansas decree of separate maintenance, the circuit court found that "all rights of the parties exchanged in the separate maintenance order included allowances, exempt property, homestead allowance, and right to take against the will," and that "all claims of the surviving spouse were previously settled by the settlement agreement . . . as set forth in the Decree of Separate Maintenance from the State of Kansas." Elaine McKown appeals.
In her sole point on appeal, Elaine McKown contends that that the circuit court erred in finding that the Kansas decree of separate maintenance barred her *499 from claiming statutory allowances or from otherwise inheriting property in Larry McKown's estate. We agree.
We must give the Kansas decree of separate maintenance the same force and effect it would have in Kansas. In re Marriage of Sumners, 645 S.W.2d 205, 210 (Mo.App.1983). In Kansas, while a divorce completely dissolves the marital relationship of the parties, a decree of separate maintenance "permits the continuation of the relation in a legal sense." Linson v. Johnson, 1 Kan.App.2d 155, 563 P.2d 485, 488 (1977) (Linson I), aff'd by Linson v. Johnson, 223 Kan. 442, 575 P.2d 504 (1978) (Linson II).[1] Accordingly, a surviving spouse subject to a decree of separate maintenance is a "surviving spouse" under Kansas law of intestacy and may inherit from the deceased spouse's estate, notwithstanding the decree of separate maintenance. Linson I, 563 P.2d at 491. The surviving spouse's right to inherit from a deceased spouse's estate, however, may be limited by the division of property in the decree of separate maintenance. Id. If the decree of separate maintenance indicates "any clear intent of the trial court at that time to terminate rights of inheritance by either of [the] parties in the estate of the other," the surviving spouse is barred from asserting a right to inherit from a deceased spouse's estate. Id.; Linson II, 575 P.2d at 505. Indeed, in affirming Linson I, the Kansas Supreme Court instructed:
[W]here separate maintenance [is] decreed,. . . to cut off the right of inheritance of the survivor of the first of the parties to die[, the trial court must] provide in the decree that title to the real property awarded each of the parties be vested free and clear of any right, title, interest, lien, claim or estate of the other party.
When a decree of separate maintenance is entered, and the property is divided . . ., the decree must be specific and clearly indicate an intent on the part of the trial court, when the decree is entered, to terminate the rights of inheritance by either of the parties to the marriage in the estate of the other.
Linson II, 575 P.2d at 505-06 (emphasis added).
In Linson I, in the decree of separate maintenance, the trial court awarded "all right, title and interest" in two parcels of real property to the parties as tenants in common. Linson I, 563 P.2d at 487. The court determined the decree of separate maintenance did not indicate a clear intent to terminate the parties' inheritance rights in the estate of the other. Id. at 491. The court concluded that the surviving spouse was entitled pursuant to Kansas law "to make an election to take what she is entitled to by the laws of intestate succession and her right to inherit from the estate of her deceased husband was not barred by the decree of separate maintenance[.]" Id.
In this case, the Kansas decree of separate maintenance said that the parties had reached "an oral settlement agreement. . . as to the disposition of all rights, duties and obligations of the parties," that Larry McKown's retirement benefits shall be his "sole and separate property free and clear of any right, title, interest or claim" on the part of Elaine McKown, and that neither party "shall make any further claim upon the other for any personal property." The language of the decree of separate maintenance, however, did not "specific[ally] and clearly indicate an intent *500 on the part of the trial court . . . to terminate the rights of inheritance by either of the parties to the marriage in the estate of the other" as instructed by the Kansas Supreme Court in Linson II. Linson II, 575 P.2d at 506. Although the decree awarded Larry McKown his retirement benefits as his sole and separate property "free and clear of any right, title, interest or claim," the Kansas trial court did not specifically and clearly indicate an intent to terminate Elaine McKown's rights of inheritance in Larry McKown's estate. Id. Nor did the other language employed by the Kansas trial court in the decree cut off Elaine McKown's rights of inheritance in Larry McKown's estate. Elaine McKown's right to inherit from Larry McKown's estate, therefore, was not barred by the decree of separate maintenance.
Moreover, in Linson I, the court noted that, in the case before it, all parties agreed "as to the right of a surviving spouse to inherit his or her interest in property acquired after a decree of separate maintenance." Linson I, 563 P.2d at 491. In support of this proposition, the court cited In re Estate of Fults, 193 Kan. 491, 394 P.2d 32 (1964). In that case, the court held that a decree of separate maintenance did not prohibit a surviving spouse from asserting her rights under the statutes of descent and distribution as to property acquired by her husband between the date of the decree of separate maintenance and the date of his death. Id. at 37. In so holding, the Fults court cited Hardesty v. Hardesty, 115 Kan. 192, 222 P. 102 (1924) and noted that "a court cannot reach out and appropriate future property" in a decree of separate maintenance. Fults, 394 P.2d at 36.
The circuit court in this case determined, however, that "all claims of [Elaine McKown] were previously settled by the settlement agreement of [Larry McKown and Elaine McKown] as set forth in the Decree of Separate Maintenance from the State of Kansas." Such a declaration by the circuit court pertained to not only the property in the decree of separate maintenance but also to any property acquired by Larry McKown between the date of the decree of separate maintenance and the date of his death. Because, however, the Kansas trial court did not specifically and clearly indicate its intent to terminate Elaine McKown's rights of inheritance in Larry McKown's estate, the decree of separate maintenance does not prohibit Elaine McKown's from asserting her rights to property acquired by Larry McKown between the date of the decree of separate maintenance and the date of his death. Id. at 37.
We note that the Respondent in this case filed a motion to strike Elaine McKown's reply brief asserting that we should strike the reply brief because Elaine McKown raised two issues for the first time in her reply brief. In particular, Elaine McKown asserted in her reply brief that: (1) she is not barred from claiming statutory allowances or from inheriting property which was not subject to the decree of separate maintenance and which was acquired after the decree was entered; and (2) the life insurance proceeds are not pension, profit sharing, or other retirement benefits, and, therefore, the decree of separate maintenance did not dispose of or limit her rights in the proceeds of the life insurance policy. We deny Respondent's motion to strike the brief.
The circuit court determined that "all claims" of Elaine McKown were settled by the decree of separate maintenance. In her point relied on, Elaine McKown asserted that the circuit court erred in finding that the Kansas decree of separate maintenance terminated her right to take *501 against the will and terminated her claims for exempt property and homestead allowance because the decree did not specifically and clearly indicate an intent to terminate her rights of inheritance in Larry McKown's estate. In the argument portion of her brief, Elaine McKown did not restrict her claims to relate only to the property subject to the Kansas decree, as Respondent suggests. She merely argued that nothing in the decree of separate maintenance specifically and clearly indicated an intent on the part of the Kansas trial court to terminate her rights of inheritance in Larry McKown's estate. In any event, Respondent's complaints concerning the manner in which Elaine McKown raised arguments concerning the life insurance proceeds or property acquired after the decree of separate maintenance are ultimately immaterial, since we hold that under Kansas law the 1995 decree did not limit Elaine McKown's inheritance rights as to any of her deceased husband's property.
The circuit court erred in concluding that the decree of separate maintenance terminated Elaine McKown's right to take against the will and terminated her claims for exempt property and homestead allowance. We, therefore, reverse the circuit court's judgment and remand with instructions to allow Elaine McKown to pursue her claims as a surviving spouse of Larry McKown in regard to any property in Larry McKown's estate.
All concur.
NOTES
[1] In Linson II, the Kansas Supreme Court affirmed, adopted, and approved the opinion written by the Court of Appeals in Linson I, but the Supreme Court wrote to "elaborate on the construction of K.S.A. 60-1610(c) to avoid confusion." Linson II, 575 P.2d at 505.